Nos. 25-400, 25-408

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

ALEXANDER SMIRNOV,
*Defendant-Appellant.*

*APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
DISTRICT COURT NOS. 24-CR-91-ODW,
24-CR-702-ODW*

## GOVERNMENT'S ANSWERING BRIEF

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

ALEXANDER P. ROBBINS
Assistant United States Attorney
Acting Chief, Criminal Appeals
Section

1000 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012
(213) 894-2400
Alexander.P.Robbins@usdoj.gov

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

## TABLE OF CONTENTS

**DESCRIPTION**                                                    **PAGE**

I.    INTRODUCTION .................................................................. 1

II.   QUESTION PRESENTED ................................................. 2

III.  STATEMENT OF THE CASE ............................................ 3

    A.   Jurisdiction and Timeliness .................................... 3

    B.   Statement of Facts and Procedural History ............. 4

        1.   Defendant pleads guilty to falsification of records
           and tax evasion. ............................................... 4

        2.   Defendant is sentenced, but the district court
           departs from the agreement. ........................... 7

IV.   SUMMARY OF ARGUMENT ......................................... 10

V.    ARGUMENT .................................................................. 11

    A.   Standards of Review ............................................. 11

    B.   Background Sentencing Principles ........................ 12

    C.   The District Court Erred in Refusing to Include the
        Parties' Agreed-Upon Disposition in the Judgment ............ 14

        1.   The district court did not comply with Rule 11 .......... 14

        2.   Whether defendant ultimately receives the
           credits from BOP does not affect whether the
           district court complied with the agreement. .............. 18

        3.   The agreement bound the district court to make
           the agreed-upon recommendation. ............................ 19

        4.   There is no harmless error in this context. ................ 21

VI.   CONCLUSION ............................................................... 23

i

# TABLE OF AUTHORITIES

**DESCRIPTION**                                                  **PAGE**

**Cases**

*In re Morgan*,
   506 F.3d 705 (9th Cir. 2007) ......................................................... 10, 14

*Jones v. Barron*,
   2024 WL 1540485 (W.D. Wash. 2024) ................................................ 19

*Schleining v. Thomas*,
   642 F.3d 1242 (9th Cir. 2011) ............................................................ 14

*Taylor v. Reno*,
   164 F.3d 440 (9th Cir. 1998) ................................................... 13, 15, 19

*United States v. Barker*,
   583 Fed. App'x 810 (9th Cir. 2014) ................................................... 13

*United States v. Cervantes-Valencia*,
   322 F.3d 1060 (9th Cir. 2003) ......................................... 10, 16, 17, 22

*United States v. Checchini*,
   967 F.2d 348 (9th Cir. 1992) .............................................................. 12

*United States v. Davila*,
   569 U.S. 597 (2013) ........................................................................... 11

*United States v. Dominguez Benitez*,
   542 U.S. 74 (2004) ............................................................................. 11

*United States v. Drake*,
   49 F.3d 1438 (9th Cir. 1995) ............................................................. 13

*United States v. Hernandez*,
   105 F.4th 1234 (9th Cir. 2024) .................................................... 11, 21

*United States v. Lo*,
   839 F.3d 777 (9th Cir. 2016) .............................................................. 16

ii

# TABLE OF AUTHORITIES (continued)

**DESCRIPTION**                                      **PAGE**

*United States v. Lualemaga,*
   280 F.3d 1260 (9th Cir. 2002)...................................... 12, 13, 19

*United States v. Mandell,*
   905 F.2d 970 (6th Cir. 1990)............................................ 17

*United States v. Moore,*
   978 F.2d 1029 (8th Cir. 1992).......................................... 12

*United States v. Mukai,*
   26 F.3d 953 (9th Cir. 1994)........................................ 11, 12, 22

*United States v. Norgaard,*
   959 F.2d 136 (9th Cir. 1992)........................................... 17

*United States v. Peters,*
   470 F.3d 907 (9th Cir. 2006)........................................... 12

*United States v. Randock,*
   330 Fed. App'x 628 (9th Cir. 2009)................................. 14, 17

*United States v. Rivera-Velasquez,*
   291 Fed. App'x 89 (9th Cir. 2008)..................................... 16

*United States v. Toebbe,*
   85 F.4th 190 (4th Cir. 2023) .......................................... 20

*United States v. Wilson,*
   503 U.S. 329 (1992)................................................... 12

**Statutes**

18 U.S.C. § 1519 ......................................................... 6

18 U.S.C. § 3231 ......................................................... 3

18 U.S.C. § 3585 .................................................. passim

26 U.S.C. § 7201 ......................................................... 6

# TABLE OF AUTHORITIES (continued)

**DESCRIPTION**                                              **PAGE**

28 U.S.C. § 1291 ...................................................................3

28 U.S.C. § 2241 .................................................................19

**Rules**

Fed. R. Crim. P. 11 .......................................................... passim

Fed. R. Crim. P. 52(a) ......................................................11

**United States Sentencing Guidelines**

U.S.S.G. § 5G1.3(b)(1) ....................................................13

**Regulations**

28 C.F.R. § 0.96 ...............................................................12

Nos. 25-400, 25-408

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

ALEXANDER SMIRNOV,
*Defendant-Appellant.*

*APPEAL FROM THE UNITED STATES DISTRICT COURT*
*FOR THE CENTRAL DISTRICT OF CALIFORNIA*
*DISTRICT COURT NOS. 24-CR-91-ODW,*
*24-CR-702-ODW*

## GOVERNMENT'S ANSWERING BRIEF

## I

## INTRODUCTION

Defendant Alexander Smirnov entered into a Rule 11(c)(1)(C) plea agreement with the government that required the district court either to reject the agreement (and give the defendant an opportunity to withdraw his plea) or to accept the agreement (and include the agreed-

upon disposition in its judgment).  Fed. R. Crim. P. 11(c)(4)–(5).  The district court here did neither.  The district court's judgment should therefore be vacated and the case remanded.

## II

## QUESTION PRESENTED

A plea agreement "may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply," and "such a recommendation or request binds the court once the court accepts the plea agreement."  Fed. R. Crim. P. 11(c)(1)(C).  If the district court *accepts* the plea agreement, "it must inform the defendant that . . . the agreed disposition will be included in the judgment."  Fed. R. Crim. P. 11(c)(4).  If the district court *rejects* the agreement, the court must (among other things) "advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea."  Fed. R. Crim. P. 11(c)(5).

2

The question presented is whether Rule 11(c) requires a district court to include all of the agreed-upon sentencing disposition in its judgment, even recommendations that the court does not wish to make.

## III

## STATEMENT OF THE CASE

### A.    Jurisdiction and Timeliness

The district court had jurisdiction over defendant's prosecution under 18 U.S.C. § 3231.  This Court has jurisdiction over defendant's appeal under 28 U.S.C. § 1291.

The district court imposed its sentence on January 8, 2025, and entered its judgment on the docket on January on January 16, 2025. (ER-3).[1]  Defendant filed a timely notice of appeal on January 21, 2025. (ER-218.)

---

[1] "CR" refers to the Clerk's Record in the district court, "ER" refers to defendant-appellant's excerpts of record, and "AOB" refers to defendant-appellant's opening brief.

**B.** **Statement of Facts and Procedural History**

    **1.** ***Defendant pleads guilty to falsification of records and tax evasion.***

Defendant entered into a "binding" (or "take it or leave it") plea agreement under Fed. R. Crim. P. 11(c)(1)(C). (ER-130.) The facts are laid out in an appendix to that agreement, which defendant personally signed. (ER-144–153.) Defendant was an FBI informant who "provided false derogatory information to the FBI about Public Official 1, an elected official in the Obama-Biden Administration who left office in January 2017, and Businessperson 1, the son of Public Official 1, in 2020, after Public Official 1 became a candidate for President of the United States of America." (ER-145; *see also* ER-64–65 (sentencing).) Defendant also evaded about $675,000 in federal incomes taxes from 2020 through 2022. (ER-137, ER-65.)

Defendant admitted his false statements to the FBI when pleading guilty before the district court. (ER-115 ("[t]he events" defendant reported to the FBI "were fabrications").) He also admitted evading his tax liability on "more than $2 million in income," including funds that defendant used to buy "a $1.4 million Las Vegas condominium, a Bentley, and hundreds of thousands of dollars of

4

clothes, jewelry, and accessories" (ER-116). (The false-document offenses and tax-evasion offenses were charged in separate cases, but the plea agreement and district court hearings covered both cases and were incorporated into a single judgment-and-commitment order, *see* ER-3.) After the prosecutor read the allegations, defendant admitted to the district court that "everything he said about you and your conduct in this matter [was] true and correct." (ER-123.) In short, defendant complied with his obligation under the plea agreement to be truthful with the court and to "[n]ot contest facts agreed to in this agreement." (ER-131–132.)

Defendant then pleaded guilty. Before accepting his plea, the district court confirmed that defendant understood the nature of the Rule 11(c)(1)(C) agreement—that the court, if it accepted the agreement, would be bound by the parties' agreed-upon sentencing disposition, including length of imprisonment and supervised release and fine amount. (ER-107; *see also* ER-137 ¶ 19 (setting forth those terms).) While discussing these key terms with the court, defendant sought to confirm that an "additional" (and nonstandard) part of the binding plea agreement would also be given effect, involving credit for

time already served in custody. (ER-107.) Specifically, the paragraph of the plea agreement setting forth the agreed-upon sentencing terms provided that the "parties also agree that the defendant is entitled to credit . . . for the period of his pretrial detention since the day of his arrest and that credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3." (ER-137 (typo corrected).) The district court assured defendant that it would be "take[n] care of" (ER-107–108):

> MR. CHESNOFF: There was one additional thing, your Honor.
>
> THE COURT: Sure.
>
> MR. CHESNOFF: The agreement notes that he gets credit for time served on both cases from the date of his arrest, your Honor. And we believe that the Bureau of Prisons would acknowledge and honor that, your Honor.
>
> THE COURT: Absolutely. That's—yeah. They are going to take care of that. Okay.

With that understanding, defendant pleaded guilty to one count of falsification of federal records, in violation of 18 U.S.C. § 1519, and three counts of tax evasion, in violation of 26 U.S.C. § 7201, as required by the agreement. (ER-124–126.)

### 2.    *Defendant is sentenced, but the district court departs from the agreement.*

Defendant was sentenced only three and a half weeks later to the top of the stipulated range: 72 months of imprisonment.  But at sentencing, the district court—which had not taken any issue with the agreed-upon sentencing terms at the plea hearing—declared itself frustrated with the plea deal (ER-29):

> Whether I like it or not, whether I like being constrained by the parties' agreements or not, I have agreed to be constrained by the parties' agreement, and that's what I intend to do . . . I held my nose, and I agreed to accept that deal and apply the top end of that range.

Although the court never formally accepted the plea agreement on the record, it proceeded under the assumption that it had ("held my nose"), or at least that it intended to.  (*Id.*; ER-69.)  But the court also attempted to depart from the agreement.  When the court announced a term of two years' supervised release, instead of one, defense counsel interjected to remind the court that the "stipulation in the plea agreement was for one year of supervision."  (ER-58.)  Rather than correct itself, the district court at first pushed back (ER-58–59):

> THE COURT: Okay.  And if I don't do that and I impose an additional year of supervised release, the deal's off?

7

> MR. CHESNOFF: He would be permitted to withdraw his plea.
>
> THE COURT: I know what he's permitted to do.
>
> MR. CHESNOFF: Okay.
>
> THE COURT: I'm asking you is he going to exercise that.
>
> MR. CHESNOFF: We'd have to talk to our client because we're surprised that that's happened.

There was then a "[s]idebar discussion off the record," after which the court reduced its pronouncement to only one year of supervised release. (ER-59.)

When it came to the credits issue, however, the district court did not modify its pronouncement of sentence to conform to the parties' plea agreement. Defendant objected, at length. After the court pronounced its sentence, defense counsel reminded the court of the credit-for-time-served agreement that the court had acknowledged less than a month earlier (ER-68–69):

> MR. CHESNOFF: Excuse me—excuse me, your Honor. Before you get to that . . . would you please state on the record that he gets credit for time served on both . . . as was agreed in the agreement and as permitted so that—
>
> THE COURT: Let's save your—no. This will be determined by the Bureau of Prisons. I do not get involved in that. Okay.

8

MR. CHESNOFF: But it's—it's part of the—

THE COURT: I don't care about what kind of an understanding you have with these gentlemen sitting over here.

Defense counsel reminded the court that it had "accepted the conditional plea, and that's part of the conditional plea," but the court refused: "I'm not saying I reject the plea. I'm saying I'm not getting involved in the computation of his credits." (ER-69.) Defense counsel tried one more time: "I'm not asking you to compute it. I'm asking you to state for the record, most respectfully, your Honor, that he gets concurrent time on both cases . . . as that is part of the binding plea agreement that the Court accepted." (ER-69.) The district court rejoined, "Is it necessary for me to repeat myself?," and although it did allow defense counsel to "make your record," the court continued without incorporating or otherwise accepting the parties' time-served-credits agreement in paragraph 19 of the plea agreement (ER-137)—and without giving defendant an opportunity to withdraw his plea, *see* Fed. R. Crim. P. 11(c)(5)(B).

At the very end of the sentencing hearing, defense counsel tried once more to get a statement from the district court that—as agreed in

the plea agreement—defendant would be "entitled to credit . . . for the period of his pretrial detention since the day of his arrest" (ER-137). "I would ask the Court to state on the record that which is stated in the binding plea agreement which the Court accepted, that the parties agree that the Defendant is entitled to credit . . . for the period of his pretrial detention since the day of his arrest." (ER-73.) But the court refused to say any more than defendant was "entitled to credits as earned" and "as determined by the Bureau of Prisons," not "[o]n both cases since the day he was arrested" but "on any case." (ER-74.)

Defendant appeals.

<h1 style="text-align:center">IV</h1>

<h1 style="text-align:center">SUMMARY OF ARGUMENT</h1>

Defendant is correct: the district court violated Rule 11. A court cannot accept "a Rule 11(c)(1)(C) stipulated sentence" on "a piecemeal basis." *In re Morgan*, 506 F.3d 705, 709 (9th Cir. 2007). Because that is what the district court did here, "approval of the plea agreement must be withdrawn and the parties must be returned to their pre-plea posture." *United States v. Cervantes-Valencia*, 322 F.3d 1060, 1062 (9th Cir. 2003). Whether or not the Bureau of Prisons' calculation of

defendant's sentence currently includes those credits is beside the point—defendant did not get the "agreed-upon sentence" (ER-136–137) he bargained for.

V

ARGUMENT

## A.    Standards of Review

Questions of law are reviewed de novo. *United States v. Mukai*, 26 F.3d 953, 954 (9th Cir. 1994). Unobjected-to Rule 11 errors are reviewed only for plain error, *see United States v. Dominguez Benitez*, 542 U.S. 74, 80 (2004), but preserved claims of error are reviewed under Fed. R. Crim. P. 11(h) and Fed. R. Crim. P. 52(a), under which "the prosecution bears the burden of showing harmlessness," *United States v. Davila*, 569 U.S. 597, 607 (2013). Moreover, in this context, this Court does not evaluate after the fact whether a defendant would or would not have exercised his right under Rule 11(c)(5)(B) to withdraw his guilty plea. *Cf. United States v. Hernandez*, 105 F.4th 1234, 1240 (9th Cir. 2024). If a district court does not "find the terms of" a Rule 11(c)(1)(C) agreement "appropriate, its only option [is] to reject the agreement in its entirety." *United States v. Mukai*, 26 F.3d 953, 956

11

(9th Cir. 1994).  A district court's refusal to accept the entire agreement requires "remand[ing] the case to the district court with instructions either to accept the plea agreement and abide by its terms or reject the agreement and afford the government and [defendant] the opportunity to renegotiate an agreement."  *Id.* at 956–57.

## B.  Background Sentencing Principles

Under 18 U.S.C. § 3585, the Attorney General is responsible for sentence-computation decisions.  *United States v. Wilson*, 503 U.S. 329, 333–35 (1992).  A sentencing court's recommendation does not override the authority of the Attorney General to compute a federal sentence and determine if an award of prior-custody credit is available under 18 U.S.C. § 3585(b).  *Id.* at 333–34; *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006) (per curiam); *United States v. Checchini*, 967 F.2d 348, 349-50 (9th Cir. 1992).[2]  "The initial calculation must be made by the Attorney General acting through the Bureau of Prisons."  *United States v. Lualemaga*, 280 F.3d 1260, 1265 (9th Cir. 2002).  Accordingly,

---

[2] The Attorney General has delegated this sentence-computation authority to the Federal Bureau of Prisons.  28 C.F.R. § 0.96; *United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992).

as this Court has recognized, "statements by a district court regarding credit for time served are only recommendations," similar to a district court's recommendation regarding the location or institution where a defendant should serve his sentence.  *Taylor v. Reno*, 164 F.3d 440, 446 (9th Cir. 1998); *cf. United States v. Barker*, 583 Fed. App'x 810, 811 (9th Cir. 2014) (acknowledging a defendant's right to a time-served credit but still allowing "the Bureau of Prisons, not the sentencing court, [to] calculate credit for time served in the first instance," citing *Wilson* and *Lualemaga*).

Under the Sentencing Guidelines, however, district courts have the authority to "adjust [a] sentence for any period of imprisonment already served on [an] undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons," as long as that other term of imprisonment is related to the defendant's relevant conduct.  U.S.S.G. § 5G1.3(b)(1).  Thus, although "[c]redit for time served is indeed a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b)," the "[a]pplication of section 5G1.3(b) is a matter for the court, not the Bureau, to decide."  *United States v.*

13

*Drake*, 49 F.3d 1438, 1440 (9th Cir. 1995); *cf. Schleining v. Thomas*, 642 F.3d 1242, 1249 (9th Cir. 2011).

## C. The District Court Erred in Refusing to Include the Parties' Agreed-Upon Disposition in the Judgment

Under Rule 11(c)(1)(C), the parties may "agree that a specific sentence or sentencing range is the appropriate disposition of the case." When the parties reach this type of agreement, "the court may accept the agreement, reject it, or defer" its decision pending review of the Presentence Report. Fed. R. Crim. P. 11(c)(3)(A). "But while the court is free to accept or reject a plea agreement, it may not do so on a piecemeal basis." *Morgan*, 506 F.3d at 709; *accord United States v. Randock*, 330 Fed. App'x 628, 630 (9th Cir. 2009). Once the court accepts a Rule 11(c)(1)(C) plea agreement, the agreed-upon sentence "binds the court." Fed. R. Crim. P. 11(c)(1)(C). The "agreed disposition" must "be included in the judgment." Fed. R. Crim. P. 11(c)(4).

### 1. *The district court did not comply with Rule 11.*

Given the unusual facts of this case (most notably, the unusual sentence at the end of paragraph 19 of the plea agreement), the district court did not comply with Rule 11(c)(1)(C). The parties agreed that the appropriate sentence in this case would include the following term:

14

"defendant is entitled to credit in both Cr. Nos. 24-91 and 24-702 for the period of his pretrial detention since the day of his arrest and that credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3." (ER-137 (typo corrected).) The district court implicitly accepted this agreement, and it advised defendant that "[a]bsolutely . . . [t]hey are going to take care of that." (ER-107.) But at sentencing, the district court refused to "get involved in" the calculation of custody credits, even though it acknowledged that defendant had "an understanding" with the government. (ER-69.) And the court included no mention of custody credits "in the judgment," despite the clear language of Rule 11(c)(4).

That was error. While the district court was correct that the Bureau of Prisons is generally responsible for calculating custody credits (*see* ER-69), the parties agreed that defendant should receive certain credits as part of their Rule 11(c)(1)(C) agreement. The parties further agreed that defendant was entitled to "credit under Sentencing Guideline § 5G1.3." (ER-137.) At the very least that required a "recommendation" from the court, *see Taylor*, 164 F.3d at 446, if not an

15

actual "adjust[ment]" of "the sentence" on the front end for the roughly 11 months that defendant had spent in pretrial detention. *See Cervantes-Valencia*, 322 F.3d at 1061–63 (holding that the district court violated Rule 11(c)(1)(C) by applying credits under § 5G1.3 in a manner that was contrary to the agreement). And because courts "construe plea agreements according to the principles of contract law, any ambiguities in the contract language are construed against the drafter, which in this case is the government." *United States v. Lo*, 839 F.3d 777, 785 (9th Cir. 2016). The defense asked to include this term of the plea agreement in the "agreed-upon sentence" to obtain a benefit (ER-136), not merely to confirm the BOP's authority. *See United States v. Rivera-Velasquez*, 291 Fed. App'x 89, 90 (9th Cir. 2008) (declining to interpret plea agreement in a manner that would render some terms superfluous). Alternatively, the district court could have informed defendant that it did not think this term was enforceable and that it would not accept the agreement. *See* Fed. R. Crim. P. 11(c)(5) (process for "Rejecting a Plea Agreement").

But the district court did not have discretion to tell defendant that it was accepting the plea agreement (ER-29) only to later refuse to

pronounce part of the agreed-upon sentence (ER-69). That "piecemeal" rejection of the agreement deprived defendant of "the benefit of [his] bargain." *Randock*, 330 Fed. App'x at 630. And it violated the plain language of Rule 11.

The remedy for that violation is for this Court to put the "parties back to square one" before defendant pled guilty. *Cervantes-Valencia*, 322 F.3d at 1061. When a district court fails to comply with Rule 11(c)(1)(C), this Court typically vacates and remands "to permit the district court to re-sentence [the defendant] in conformity with his plea agreement, or to reject the plea agreement and place the parties in the posture that they were in before the plea was taken." *Id.* at 1064. Plea agreements are contracts, *see United States v. Norgaard*, 959 F.2d 136, 138 (9th Cir. 1992) (interpreting older version of rule), and this Court must enforce the specific terms of the parties' agreement, including any remedial provisions. *See United States v. Mandell*, 905 F.2d 970, 973 (6th Cir. 1990) (allowing defendant to withdraw plea based on court's failure to follow terms of plea agreement because "the agreement itself provides the remedy of withdrawal").

17

### 2. Whether defendant ultimately receives the credits from BOP does not affect whether the district court complied with the agreement.

In its order denying without prejudice the government's motion for summary vacatur and remand (Dkt. 18), this Court directed the government to "address whether the Bureau of Prisons has credited appellant with the period of his pretrial detention." (Dkt. 20.) BOP records reflect that defendant has a credit of about 11 months—327 days—which corresponds to the dates defense counsel referred to before the district court (ER-68, 69) and the date defendant was sentenced (ER-3).[3]

```
JAIL CREDIT......................:   FROM DATE    THRU DATE
                                     02-15-2024   02-20-2024
                                     02-22-2024   01-07-2025

TOTAL PRIOR CREDIT TIME.........: 327
```

But that does not mean that the district court complied with Rule 11. To begin with, an act of the executive branch—whether a credit from the Bureau of Prisons or an appellate brief from a U.S. Attorney's Office confessing error below—cannot cure a district court's

---

[3] Defendant was arrested on February 14, 2024, in the District of Nevada as he returned to the United States on an international flight. (CR 11 at 4–5, Case No. 24-cr-91.)

error. The error occurred.[4] And whatever BOP records reflect currently, that does not bind BOP officials going forward, or this (or any future) Attorney General, who ultimately controls the crediting decision, *see Lualemaga*, 280 F.3d at 1265—subject only to judicial review under 28 U.S.C. § 2241, *see Taylor*, 164 F.3d at 442. The BOP was not a party to the agreement. (ER-130 ¶ 1.) And credits are not vested property: by their nature they are only anticipated, and not actually *used* until an inmate is released. *Cf., e.g., Jones v. Barron*, 2024 WL 1540485, *2 (W.D. Wash. 2024).

### 3. *The agreement bound the district court to make the agreed-upon recommendation.*

The plea agreement here included the parties' agreement "that the defendant was entitled to credit in [both cases] for the period of his pretrial detention since the day of his arrest" (ER-137), which was included in one of the two paragraphs setting forth the "sentencing factors and agreed-upon sentence" (ER-136–137 (capitalization

---

[4] The government does not agree with defendant that it breached the plea agreement. (*Contra* AOB 12 n.9.) The error lay in the district court's refusal to carry out its obligations under the agreement, not the government's.

altered)).  Those two paragraphs (¶¶ 18–19) correspond to the text of Rule 11(c)(1)(C), which covers sentencing factors and agreed-upon sentences: "the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply."  Fed. R. Crim. P. 11(c)(1)(C).  Although phrased as "agree[ments]" by the parties, "such a recommendation or request binds the court once the court accepts the plea agreement."  *Id.*

Thus the parties' "agree[ment] that the defendant is entitled to credit" (ER-137) bound the district court under Rule 11(c)(1)(C).  To be sure, the district court could offer only a *recommendation* as to credits under § 3585(b)—though not § 5G1.3, as discussed—just as a district court's statement with respect to institutional placement, which is regularly included in a judgment and commitment order, is only a recommendation.  (Or, for example, a recommendation with respect to the BOP's Residential Drug Abuse Program.)  But the district court is still bound to make such a recommendation once it accepts the agreement.  *Cf. United States v. Toebbe*, 85 F.4th 190, 203–04 (4th Cir.

20

2023) (provisions that by their terms do *not* bind the district court are *not* binding under Rule 11(c)(1)(C)). In other words, a district court can be bound to make a recommendation even if BOP is not bound to follow it. And it is no objection to say "it's a just a recommendation," since—binding or not on any future BOP decisionmaker—it's what the parties bargained for as "the agreed disposition [to] be included in the judgment." Fed. R. Crim. P. 11(c)(4). A district court that concludes it should not (or cannot) make such a recommendation can always reject the agreement. What a district court *cannot* do is accept the agreement and then refuse to execute part of it.

### 4. *There is no harmless error in this context.*

This Court does not evaluate after the fact whether a defendant would or would not have exercised his right under Rule 11(c)(5)(B) to withdraw his guilty plea if the district court refuses to accept the agreement. *Compare Hernandez*, 105 F.4th at 1240 (asking in the "fair and just reason" context under Rule 11(d)(2)(B) "whether proper information could have at least plausibly motivated a person in the defendant's position not to have pled guilty" (cleaned up)). If a district court does not "find the terms of" a Rule 11(c)(1)(C) agreement

21

"appropriate, its *only option*" is to "reject the agreement in its entirety."
*Mukai*, 26 F.3d at 956 (emphasis added).  Indeed, Rule 11(d)(2)(A)
provides that a defendant may "may withdraw a plea of guilty . . .
before the court accepts the plea[] for *any reason or no reason*."
(Emphasis added.)  A defendant's reason does not have to be good; it
does not even have to exist.  So this is not a harmless-error question.
Defendant had a right to withdraw his pleas when the court departed
from the agreement, which is why this Court has held that a district
court's refusal to accept the entirety of a Rule 11(c)(1)(C) agreement
requires "remand[ing] the case to the district court with instructions
either to accept the plea agreement and abide by its terms or reject the
agreement and afford the government and [defendant] the opportunity
to renegotiate an agreement."  *Mukai*, 26 F.3d at 956–57; *Cervantes-Valencia*, 322 F.3d at 1061.  That is what Rule 11 and this Court's
precedent requires, and that is what should happen here.

# VI

# CONCLUSION

This Court should vacate the amended judgment and remand with instructions to allow defendant to withdraw his guilty pleas.

DATED: March 4, 2026          Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

*s/ Alexander P. Robbins*

ALEXANDER P. ROBBINS
Assistant United States Attorney
Acting Chief, Criminal Appeals
Section

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

## STATEMENT OF RELATED CASES

The government states, under Ninth Circuit Rule 28-2.6, that it is unaware of any cases related to this appeal that is not identified in the appellant's brief.

## CERTIFICATE OF COMPLIANCE

I certify that:

1.     This brief complies with the length limits permitted by Ninth Circuit Rule 32-1 because the brief contains 4,169 words, including 15 words manually counted in images and excluding the portions exempted by Fed. R. App. P. 32(f).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016.

DATED: March 4, 2026                     *s/ Alexander P. Robbins*

ALEXANDER P. ROBBINS
Attorney for Plaintiff-Appellee
UNITED STATES OF AMERICA