Nos. 25-400, 25-408

---

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ALEXANDER SMIRNOV,
Appellant-Defendant,

vs.

UNITED STATES OF AMERICA,
Appellee-Plaintiff.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
DISTRICT COURT CASE NOS. 24-CR-91-ODW, 24-CR-702-ODW

---

**APPELLANT'S REPLY**

> DAVID Z. CHESNOFF, ESQ.
> Nevada Bar No. 2292
> RICHARD A. SCHONFELD, ESQ.
> Nevada Bar No. 6815
> CHESNOFF & SCHONFELD
> 520 South Fourth Street
> Las Vegas, Nevada 89101
> Telephone: (702) 384-5563
> dzchesnoff@cslawoffice.net
> rschonfeld@cslawoffice.net
> Attorneys for Appellant
> ALEXANDER SMIRNOV

i

# **TABLE OF CONTENTS**

I.      STATEMENT OF THE ISSUE ...................................................... 1

II.     ARGUMENT IN REPLY................................................... 1

    A. Standard of Review ................................................. 1

    B.  Argument........................................................ 1

III.    CONCLUSION ............................................................ 10

CERTIFICATE OF COMPLIANCE............................................... 11

CERTIFICATE OF SERVICE ................................................. 12

ii

# TABLE OF AUTHORITIES

## CASES

*Boutwell v. Nagle,*
861 F.2d 1530, 1532 (11th Cir. 1988) ........................................................... 5

*Conway v. Schriro*, No. 2:05-CV-2052 JWS,
2006 WL 3063643, at *8 (D. Ariz. Aug. 3, 2006) ......................................... 4

*Gray v. Warden of Montana State Prison*,
523 F.2d 989 (9th Cir. 1975) .......................................................................... 4

*Gremillion v. Henderson*,
425 F.2d 1293 (5th Cir.1970) ......................................................................... 5

*Jackson v. Alabama*,
530 F.2d 1231 (5th Cir. 1976) ........................................................................ 5

*Lewis v. Cardwell*,
609 F.2d 926 (9th Cir. 1979) .......................................................................... 4

*Patino v. State of South Dakota*,
851 F.2d 1118 (8th Cir. 1988) ........................................................................ 4

*Puckett v. United States*,
556 U.S. 129 (2009) ........................................................................................ 9

*Russo v. Johnson*,
129 F. Supp. 2d 1012 (S.D. Tex. 2001) .......................................................... 5

*Santobello v. New York*,
404 U.S. 257 (1971) ........................................................................................ 9

*Taylor v. Reno*,
164 F.3d 440 (9th Cir. 1998) .......................................................................... 5

*United States v. Cervantes-Valencia,*
322 F.3d 1060 (9th Cir. 2003) ........................................................................ 3

*United States v. Davila,*
569 U.S. 597 (2013) ............................................................................. 1

*United States v. Heredia,*
768 F.3d 1220 (9th Cir. 2014) ............................................................. 9

*United States v. Jones*,
No. 23-CR-00301-NYW-1, 2025 WL 1808726 (D. Colo. July 1, 2025),
*aff'd*, No. 25-1291, 2026 WL 21547 (10th Cir. Jan. 5, 2026) ..................... 6-7

*United States v. Lualemaga*,
280 F.3d 1260 (9th Cir. 2002) ............................................................. 4

*United States v. Mondragon*,
228 F.3d 978 (9th Cir. 2000) ............................................................... 9

## UNITED STATES CODE, RULES, AND SENTENCING GUIDELINES

18 U.S.C. § 3585(b) ............................................................................. 2

18 U.S.C. § 1519 ............................................................................. 7-8

28 U.S.C. § 7201 ............................................................................... 8

Fed. R. Crim. P. 11 ....................................................................1-3, 5-6,9

Fed. R. Crim. P. 52(a) ........................................................................ 1

U.S.S.G. § 5G1.3 ............................................................................. 2, 5

## I.     STATEMENT OF ISSUE

Whether, under this Court's precedent, the District Court's violation of Defendant-Appellant Alexander Smirnov's binding plea agreement under Rule 11(c)(1)(C) requires that the judgments be vacated and that the case be remanded to the District Court, with instructions that Mr. Smirnov be permitted to withdraw his guilty pleas.

## II.     ARGUMENT IN REPLY

### A.     *Standard of Review*

Mr. Smirnov concurs with the Standard of Review set forth in the Answering Brief (Dkt. 34.1, Mar. 4, 2026) at 11-12 ("[P]reserved claims of error are reviewed under Fed. R. Crim. P. 11(h) and Fed. R. Crim. P. 52(a), under which the prosecution bears the burden of showing harmlessness") (citing *United States v. Davila*, 569 U.S. 597, 607 (2013)); *see also* OB (Dkt. 10.1, Apr. 25, 2025) at 8 (errors of law necessarily constitute abuses of discretion).[1]

### B.     *Argument*

Both parties agree that District Court violated their binding plea agreement under Rule 11(c)(1)(C). *See, e.g.*, AB at 10 (government: "Defendant is correct: the district court violated Rule 11"). Moreover, both parties agree that the remedy for

---

[1]     This Reply cites Mr. Smirnov's Opening Brief as "OB;" the excerpts of record to the OB as "ER;" the government-appellee's Answering Brief as "AB;" and the District Court Clerk's Record as "CR."

this violation is for this Court to enter an order vacating the amended judgments and remanding this case to the District Court, with instructions to allow Mr. Smirnov to withdraw his guilty pleas—pleas that were entered based on Mr. Smirnov's good faith belief that United States District Court Judge Otis D. Wright, II would follow the binding plea agreement. See ER at 137, ¶19 ("The parties also agree that the defendant is entitled to credit in both Cr. Nos. 24-91 and 24-702 for the period of his pretrial detention since the day of his arrest and that credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3."); *see also* AB at 23 (government agrees that Mr. Smirnov must be "allow[ed] to withdraw his guilty pleas" upon remand).

Had the District Court reviewed the Rule 11(c)(1)(C) agreement and deemed the "time-served language" so objectionable that it would not even deign to *recommend it* (much less *order it*) at the sentencing hearing, then the Court was free to reject the plea in its entirety. *See* Fed. R. Crim. P. 11(c)(3)(A) ("To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision . . . ."). The District Court, however, chose none of these options; instead, the Court: 1) selectively chose *which* of the binding plea's clauses it would (and would not) impose, and 2) managed to get this case (and, its looming jury trial) off its docket.

2

That, however, is precisely the sort of "selective application" that the Federal Rules expressly condemn—and, for which the case law mandates remand and plea withdrawal. *See*, *e.g.*, *United States v. Cervantes-Valencia*, 322 F.3d 1060, 1062 (9th Cir. 2003) (because district court erroneously accepted the Rule 11(c)(1)(C) plea agreement on a "piecemeal basis," it must be "withdrawn" and "the parties must be returned to their pre-plea posture"). Despite the parties' bargained-for language regarding credit for time served—and, despite the District Court's *binding acceptance* of the agreement containing that very language—the Court refused even to recommend the agreed credit language to BOP, much less include that language in the written judgment, as set forth in Fed. R. Crim. P. 11(c)(4). *Compare id.* (parties' "agreed disposition" under Rule 11(c)(1)(C) will be—if Court accepts that binding agreement—"included in the judgment"), *with* ER at 3-8 (District Court does not include recommendation in amended judgment); *see also* OB at 6 (defense counsel: "I'm not asking you to calculate [the sentence] . . . . I'm asking you to state for the record, most respectfully, . . . that [this] is part of the binding plea agreement that the Court accepted;" Court nevertheless refuses).

While the foregoing analysis, alone, mandates that the judgment be vacated and the case remanded, the unique procedural posture and facts of this case—involving the legal status of time-served credits that are both wholly unvested and revocable at will—further underscores the harmfulness of the violation. The

3

precedent makes plain that any credits a prisoner receives from the current Attorney General or BOP exist as revocable matters of "grace," not constitutional right. *See, e.g.*, *Lewis v. Cardwell*, 609 F.2d 926, 928 (9th Cir. 1979) ("'The origin of the modern concept of pre-conviction jail time credit upon the term of the ultimate sentence of imprisonment is of legislative grace and not a constitutional guarantee.'") (quoting *Gray v. Warden of Montana State Prison*, 523 F.2d 989, 990 (9th Cir. 1975)); *see also Patino v. State of South Dakota*, 851 F.2d 1118, 1120 (8th Cir. 1988) ("Application of presentence jail time to a subsequent sentence is legislative grace and not a constitutional guarantee.") (citing *Lewis*); *Conway v. Schriro*, No. 2:05-CV-2052 JWS, 2006 WL 3063643, at *8 (D. Ariz. Aug. 3, 2006) ("There is no federal constitutional right to presentence incarceration credit toward the ultimate sentence of imprisonment.") (citing *Lewis*); *see also* AB at 19 (government agrees that "whatever BOP records reflect [in Mr. Smirnov's case] currently, that does not bind BOP officials going forward, or this (or any future) Attorney General, who ultimately controls the crediting decision.") (citing *United States v. Lualemaga*, 280 F.3d 1260, 1265 (9th Cir. 2002)).

Thus, despite the current BOP having calculated Mr. Smirnov's time-served credits as of March 4, 2026, *see infra* at n.2, that impermanent calculation can be reduced (or, wholly eliminated) on the order of any new, incoming Attorney General and BOP, or incoming administration, which orders a new, reduced credit

calculation *before* the expiration of Mr. Smirnov's sentence. *See* www.bop.gov (BOP Inmate Locator lists release date as Feb. 20, 2029, as of Mar. 10, 2026). It was precisely to protect his valuable, unvested credits from being stripped away that Mr. Smirnov insisted—as part of his binding plea agreement—on having the District Court confirm the parties' specific credit calculation. And because Judge Wright refused to provide that specific, bargained-for benefit, Mr. Smirnov will not, at any future date, be able to point to anything tangible (that is, written) in the District Court's sentence or judgment evidencing his bargained-for entitlement to time-served credits. *See*, *e.g., Russo v. Johnson*, 129 F. Supp. 2d 1012, 1017 (S.D. Tex. 2001) ("Generally, in the absence of a statute to the contrary, '*there is no federal constitutional right* to credit for time served prior to sentence.'") (emphases added) (quoting *Gremillion v. Henderson*, 425 F.2d 1293, 1294 (5th Cir.1970)) (also citing *Boutwell v. Nagle*, 861 F.2d 1530, 1532 (11th Cir. 1988), and *Jackson v. Alabama*, 530 F.2d 1231, 1236–37 (5th Cir. 1976)).

The bottom line, therefore, is that the District Court deprived Mr. Smirnov of the full benefit of his bargain under Rule 11(c)(1)(C)—a bargain that included, at the very least, a "recommendation" from the District Court, if not a full-blown "adjustment" under U.S.S.G. § 5G1.3, to account for the near-year that Mr. Smirnov had already spent in custody. *See Taylor v. Reno*, 164 F.3d 440, 446 (9th Cir. 1998)

5

(acknowledging that "statements by a district court regarding credit for time served are only recommendations").[2]

A similar situation—but one where the District Judge *honored* the parties' binding agreement—recently arose in *United States v. Jones*, No. 23-CR-00301-NYW-1, 2025 WL 1808726 (D. Colo. July 1, 2025), *aff'd*, No. 25-1291, 2026 WL 21547 (10th Cir. Jan. 5, 2026). There, at the change-of-plea hearing under Rule 11(c)(1)(C), the Court "explained . . . that if it accepts the plea agreement, the Court would be agreeing "that the sentence will be 10 years," and that "there will be *a recommendation for credit for time served* to [BOP]." *Id*. at 2 (emphasis added). "Defendant then asked . . . if the recommendation that he be credited with time served would . . . [also bind] BOP; the Court answered that it had no control over the BOP, but explained that in its experience, the BOP makes that calculation when the Court recommends it." *Id*.

After the defendant continued to express concern about credit for time-served, the *Jones* Court went further, explaining:

---

[2]     Upon receipt of the Opening Brief, this Court asked the government to address whether BOP had "credited appellant with the period of his pretrial detention." AB at 18. The Answering Brief (Mar. 4, 2026) set forth 327 days as the "total prior credit time." *Id*. But even a correct calculation does not resuscitate a violated binding plea agreement—a correct calculation still does not provide Mr. Smirnov with the full benefit of his bargain, which requires at least the recommendation and its inclusion in the judgment. *Compare Jones*, 2025 WL 1808726, at *3 (Court in *Jones* does provide non-binding recommendation to BOP); *see also* Fed. R. Crim. P. 11(c)(4) (parties' "agreed disposition" must be "included in the [written] judgment").

> If I accept the plea agreement, *it will bind me . . . to put that language, as requested, into the judgment*. So I am not going to just sentence you to 10 years, I have to [1] sentence you in a certain way with certain language and [2] make a recommendation to the Bureau of Prisons. If I accept a plea agreement, I will be accepting and *guaranteeing you that the language will be in the judgment*. But once it gets to the Bureau of Prisons, . . . I don't actually do that calculation, the Bureau of Prisons does that calculation.

*Jones*, 2025 WL 1808726, at *3 (emphases added; record citations omitted). Having heard this explanation as to what the Court could and could not do regarding the time-served credits—but having been assured that that Court would, "as requested [in the binding plea agreement], . . . put that [time-served] language . . . into the Judgment")—defendant *Jones* proceeded to enter his guilty plea at the hearing.[3]

Such a careful, thorough approach can, regrettably, be contrasted to what happened in Mr. Smirnov's case. At his change-of-plea hearing, Mr. Smirnov, like the *Jones* defendant, also sought clarification that the bargained-for credit provision of *his* binding agreement would be honored. *See* ER at 107 & 137 ¶19. But in the present case, defense counsel's raising of the credit issue yielded not a *Jones*-like explanation (much less an assurance of a credit recommendation), but the following brief exchange:

> MR. CHESNOFF: The agreement notes that he gets credit for time served on both cases [*viz*., the false statements case under 18 U.S.C. §

---

[3]    Given the *Jones* Court properly providing the bargained-for recommendation and inclusion, Jones's belated, post-sentence attempt to withdraw his guilty plea was rightly denied—a denial that the Tenth Circuit affirmed. *Id*. at 4 ("The Court finds that Defendant has not met his burden to show a fair and just reason to permit withdrawal of his guilty plea.").

> 1519 and the tax case under 28 U.S.C. § 7201] from the date of his arrest [in February 2024], your Honor. And we believe that [BOP] would acknowledge and honor that . . . .
>
> THE COURT: Absolutely. That's—yeah. They are going to care of that. Okay.

AB at 6 (quoting change-of-plea transcript, ER at 107-08).

Hearing this response—*i.e.*, in which Judge Wright never even hinted that, at sentencing, he would *not* even make the recommendation)—Mr. Smirnov agreed to plead guilty. That decision, however, was not Mr. Smirnov's fault and was the product of hidden, material information. Had Judge Wright clearly stated at the change-of-plea hearing that he would not, at sentencing, even recommend that BOP apply the parties' time-served provision, Mr. Smirnov would have never signed that plea agreement in the first place; and he surely would have withdrawn any plea entered at the change-of-plea hearing had he known, at that point, what lay in store for him at the sentencing hearing a few weeks hence. *See* ER at 29 (court states at sentencing that had to "[hold] it nose" to apply even the high-end sentence of 72 months); *see also id.* at 37 (Judge Wright tells Mr. Chesnoff: "But the thing is in such a case, there'd be a defense attorney like you that would be arguing against believing anything that this Defendant said, because . . . he's an out and out career crook."), 58-59 (Court threatens to impose two years of supervised release on each count, despite plea agreement only calling for one year; once confronted with these facts, Court relents).

8

Finally, even if the concept of "harmless error" could be countenanced on appeal (and, it cannot), the nature and severity of the instant violation—in a case where Mr. Smirnov may be forced in the future to adduce evidence to support his claim for credits—should preclude a finding of "harmlessness" and should, under the precedent, instead compel the remand and withdrawal of Mr. Smirnov's guilty pleas. *See, e.g.*, *United States v. Heredia*, 768 F.3d 1220, 1235 (9th Cir. 2014) ("We do not review the breach of a [Rule 11(c)(1)(C)] plea agreement for harmless error on appeal. *See, e.g.*, *United States v. Mondragon*, 228 F.3d 978, 981 (9th Cir. 2000). Rather, 'automatic reversal is warranted when objection to the Government's breach of a plea agreement has been preserved.' *Puckett v. United States*, 556 U.S. 129, 141 (2009).") (citing *Santobello v. New York*, 404 U.S. 257, 261–62 (1971)). Having accepted the parties' Rule 11(c)(1)(C) plea agreement, the Court itself was bound to apply *all of it* at sentencing; here, however, the Court failed to do so.

/ / /

9

## III.  <u>CONCLUSION</u>

Both the government and Mr. Smirnov are in agreement the District Court violated the binding plea agreement, and only appropriate remedy for this violation is to vacate the judgment and sentence and remand the case to the District Court, with instructions that Mr. Smirnov be permitted to withdraw his guilty pleas.

DATED this 12th day of March, 2026.

Respectfully Submitted:

CHESNOFF & SCHONFELD

 /s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Appellant
ALEXANDER SMIRNOV

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), I hereby certify that: the foregoing brief uses 14-point Times New Roman proportionately spaced type; text is double spaced and footnotes are single spaced; a word count of the word processing system used to prepare the brief indicates that the brief (not including the table of contents, the table of authorities, the statement of related cases, the certificate of compliance, or the certificate of service) contains approximately 2,150 words.

Dated this 12th day of March, 2026.

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March, 2026, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system including:

ALEXANDER P. ROBBINS
Assistant United States Attorney
Acting Chief, Criminal Appeals Section
312 N Spring Street, 12th Floor
Los Angeles, CA 90012
Alexander.p.robbins@usdoj.gov
Attorney for Plaintiff-Appellee
UNITED STATES OF AMERICA

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld

12