UNITED STATES COURT OF APPEALS NOS. 25-400 & 25-408
DISTRICT COURT NOS. 2:24-CR-00091-ODW & 2:24-CR-00702-ODW

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ALEXANDER SMIRNOV,
Appellant-Defendant,

vs.

UNITED STATES OF AMERICA,
Appellee-Plaintiff.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

**APPELLANT'S SUPPLEMENTAL BRIEF**

DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Appellant
ALEXANDER SMIRNOV

# **TABLE OF CONTENTS**

I.     PANEL'S QUESTIONS AND CONCURRENCE.....................................1

II.    APPELLANT'S RESPONSES ...............................................................2

     A. This Court Has Jurisdiction to Hear Defendant's Appeal
     of His Convictions ...................................................................................2

     B. The Relationship Between 18 U.S.C. § 3585(b) and U.S.S.G. § 5G1.3
     in the Rule 11(c)(1)(C) Agreement Shows that the District Court
     Breached that Agreement and Denied Appellant a Reasonable
     Opportunity to Withdraw ........................................................................4

III.    CONCLUSION ..................................................................................10

STATEMENT OF RELATED CASES...............................................................11

CERTIFICATE OF COMPLIANCE.................................................................12

CERTIFICATE OF SERVICE.........................................................................13

ii

# TABLE OF AUTHORITIES

## CASES

*Arreguin-Moreno v. Mukasey*, 511 F.3d 1229 (9th Cir. 2008)...............................10

*Flanagan v. United States*, 465 U.S. 259 (1984).........................................2

*In re Morgan*, 506 F.3d 705 (9th Cir. 2007)................................................4

*Midland Asphalt Corp. v. United States,* 489 U.S. 794 (1989) ................................2

*Renal Treatment Centers v. Allegiant Healthcare LLC*, No. CV-20-01437, 2021 WL 4247929 (D. Ariz. Sept. 17, 2021)) ........................................................4

*Schleining v. Thomas*, 642 F.3d 1242 (9th Cir. 2011)..............................................9

*Spina v. Dep't of Homeland Sec.*, 470 F.3d 116 (2d Cir. 2006).............................10

*Syscan, Inc. v. Plustek, Inc.*, No. C 07-01603, 2009 WL 2044685 (N.D. Cal. July 9, 2009)) ........................................................................4

*United States  v. Alvarez-Moreno*, 657 F.3d 896 (9th Cir. 2011)............................2

*United States v. Ceballos*, 671 F.3d 852 (9th Cir. 2011)...................................1, 2, 4

*United States v. De La Pena-Juarez*, 214 F.3d 594 (5th Cir. 2000)) ........................2

*United States v. Drake*, 49 F.3d 1438 (9th Cir. 1995) ................................................9

*United States v. Heddings*, No. CR 06-76, 2013 WL 4432126 (D. Mont. Aug. 15, 2013) ..............................................................................9

*United States v. Kabir*, 51 F.4th 820 (9th Cir. 2022)...............................................8

*United States v. Kerr*, 472 F.3d 517 (8th Cir. 2006) .................................................2

*United States v. Kimble*, 107 F.3d 712 (9th Cir. 1997) .............................................8

*United States v. Linder*, 322 F. App'x 547 (9th Cir. 2009) ...................................8, 9

*United States v. Melendez*, 279 F.3d 16 (1st Cir. 2002) ...............................................2

*United States v. Pineyro*, 112 F.3d 43 (2d Cir. 1997) .................................................2

*United States v. Randock*, 330 F. App'x 628 (9th Cir. 2009)....................................4

*United States v. Reyes*, 313 F.3d 1152 (9th Cir. 2002)........................................... 3-5

*United States v. Serafini*, 233 F.3d 758 (3d Cir. 2000) ..............................................2

*United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003) ...................................................2

## UNITED STATES CODE AND SENTENCING GUIDELINES

18 U.S.C. § 1519...........................................................................................................6

18 U.S.C. § 3585(b) ................................................................................................. 7-10

28 U.S.C. § 1291 .......................................................................................................1, 3

28 U.S.C. § 7201 ..........................................................................................................6

U.S.S.G. § 5G1.3.................................................................................................. 1, 4, 7-9

## I. PANEL'S POST-BRIEFING QUESTIONS AND APPELLANT'S STATEMENT OF CONCURRENCE

On July 31, 2026, the Panel ordered the parties to file supplemental briefs addressing: 1) the jurisdictional effect of *United States v. Ceballos*, 671 F.3d 852, 855-56 (9th Cir. 2011) (per curiam); and 2) the sentencing requirements under U.S.S.G. § 5G1.3; whether "another offense that is relevant conduct to the instant offense[s]" carried a "term of imprisonment;" and whether there was a basis for the District Court not to credit "such period of imprisonment" in Appellant's case.

Appellant states that he concurs with and adopts the Government's contemporaneously filed responses to this Court's questions.

## II. APPELLANT'S RESPONSES

### A. This Court Has Jurisdiction to Hear Defendant's Appeal of His Convictions

Nothing in *United States v. Ceballos*, 671 F.3d 852, 855–56 (9th Cir. 2011) precludes this Court from exercising jurisdiction over the present appeal. This is because Appellant is appealing his convictions on the ground that his guilty pleas and subsequent judgments were entered in violation of a binding plea agreement under Rule 11—not some nonbinding aspect of his sentence, as in *Ceballos*.

This Court has jurisdiction over this appeal under 28 U.S.C. § 1291, which gives the courts of appeals jurisdiction over "final decisions of the district courts." "Final decisions" under 28 U.S.C. § 1291 generally means "final judgments;" thus,

1

"a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (cleaned up); *see also United States v. Alvarez-Moreno*, 657 F.3d 896, 898-99 (9th Cir. 2011). "In a criminal case," this "final judgment" rule "prohibits appellate review until conviction and imposition of sentence." *Flanagan*, 465 U.S. at 263; *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989).

In *Ceballos*, this Court held that "a recommendation to the Bureau of Prisons ["BOP"] is not part of a sentence and cannot be appealed." 671 F.3d at 855 (addressing Ceballos's "location designation" to serve custodial sentence in particular BOP facility; relying on *United States v. Pineyro*, 112 F.3d 43 (2d Cir. 1997) (per curiam), which involved time credits); *see also United States v. Kerr*, 472 F.3d 517, 520 (8th Cir. 2006) (recommending sex-offender treatment); *United States v. Yousef*, 327 F.3d 56, 165 (2d Cir. 2003) (conditions of confinement); *United States v. Melendez*, 279 F.3d 16, 18 (1st Cir. 2002) (drug treatment); *United States v. Serafini*, 233 F.3d 758, 778 (3d Cir. 2000) (location); *United States v. De La Pena-Juarez*, 214 F.3d 594, 601 (5th Cir. 2000) (wage garnishment).

Unlike the present case, however, the recommendations collected above are not "final decisions" resulting from binding pleas under Rule 11(c)(1)(C). *Compare Ceballos*, 671 F.3d at 855-56 (noting, in the context of a post-judgment location stipulation, that such recommendation "is not part of the sentence imposed by the

2

district court, nor is it a final order from which an appeal lies.") (citing 28 U.S.C. § 1291 and 18 U.S.C. § 3742).

Had the defendants in those foregoing cases entered into binding agreements like Appellant's—that is, agreements that bound the parties and the District Court to make specific orders at sentencing—and had the District Court thereafter refused to make those orders, then the defendant would have had the right 1) to withdraw the guilty plea, and 2) to appeal the District Court's breach of the binding plea agreement, as any resulting judgment would codify an invalid guilty plea and represent an appealable "final judgment" under § 1291.

The District Court was free to reject any sentencing obligation stating that Appellant was entitled to receive credits for time-served or concurrent sentences— the Court could have simply rejected the Rule 11(c)(1)(C) proposed agreement in its entirety and forced the parties to restart their plea negotiations. *See infra* at 4-5 (quoting *United States v. Reyes*, 313 F.3d 1152, 1153-54 (9th Cir. 2002) (rejecting piecemeal acceptance under Rule 11(c)(1)(C)).

But by signing off on that agreement in its entirety, the Court bound itself to abide by all of its binding terms; indeed, the Court virtually assured the parties (at the change-of-plea colloquy, *see infra* at 6, n.3) that it did not plan to disregard its promises and later protest, at sentencing, that only BOP could so much as weigh in on the credit question.

3

Thus, not only does this Court have jurisdiction to entertain this appeal but—as shown below and in our opening papers—Appellant is entitled to the full benefit of his bargain.[1]

### B. The Relationship Between 18 U.S.C. § 3585(b) and U.S.S.G. § 5G1.3 in the Rule 11(c)(1)(C) Agreement Shows That the District Court Breached that Agreement and Denied Appellant a Reasonable Opportunity to Withdraw

"When a defendant and the government enter into a [binding] Rule 11 (c)(1)(C) plea agreement . . . , the district court may accept the agreement or reject it, but 'may not do so on a piecemeal basis.'" *United States v. Randock*, 330 F. App'x 628, 630 (9th Cir. 2009) (quoting *In re Morgan*, 506 F.3d 705, 709 (9th Cir. 2007)); *see also*

---

[1] Indeed, were *Ceballos* to be read to mean that courts lacked jurisdiction to entertain a Rule 11(c)(1)(C) agreement which obligated the court to make certain credit recommendations, then: 1) the contracting parties (here, defendant and the United States) would be victims of essential "mutual mistakes;" 2) that agreement would be voidable; and 3) the defendant would be free to withdraw any resulting guilty plea. *See*, *e.g.*, *Renal Treatment Centers W. Inc. v. Allegiant Healthcare W. LLC*, No. CV-20-01437-PHX-GMS, 2021 WL 4247929, at *3 (D. Ariz. Sept. 17, 2021) ("Mutual mistake of the parties to a written contract makes that contract voidable.") (quotation omitted) (unpublished); *Syscan, Inc. v. Plustek, Inc.*, No. C 07-01603 JW, 2009 WL 2044685, at *3 (N.D. Cal. July 9, 2009) ("A provision of a contract is an essential element for purposes of the mutual mistake doctrine if it reflects a mutual mistake 'as to a basic fact which induced [the party seeking to void the contract] to enter into the [contract].'") (internal quotations omitted) (unpublished); *see also* 13 Williston, A Treatise on the Law of Contracts § 1543 (3d ed. 1970) ("[E]ven a compromise may be based on the assumed existence of some fact, and then may be set aside for mutual mistake as to such basic assumption like any other contract."). Appellant respectfully suggests that it is difficult to imagine—under the precedent—any fact more "basic" than two parties' mutual, mistaken assumption that federal jurisdiction indeed exists to entertain a plea agreement.

4

*Reyes*, 313 F.3d at 1153-54 ("[D]istrict court's only option . . . is to either accept or reject the agreement; the court cannot modify it.").

In this case, however, the District Court: 1) breached the binding Rule 11 agreement in the midst of the sentencing hearing; 2) denied Appellant any reasonable opportunity to object and withdraw from the now-inoperative agreement; and 3) attacked experienced defense counsel to the point where counsel was flatly prevented from presenting a full, contemporaneous argument, as was counsel's obvious intent. *See* ECF No. 10.1 (Opening Brief, Apr. 25, 2025) ("OB"), at 2-7; *see also infra* at 8, n.4 (establishing plain error in any event).[2]

---

[2]     Indeed, the District Court threatened to impose a *two-year* term of supervised release, in plain violation of the plea agreement. *See*, *e.g.*, ECF No. 34.1 (Answering Brief, Mar. 4, 2026) ("AB") at 7-8 (quoting Excerpts of Record ("ER") at 58-59) (THE COURT: "[U]pon his release . . . , he shall be placed on supervised release for a term of two years . . . ." COUNSEL: "[T]he stipulation in the plea agreement was for one year of supervision. That was part of the Rule 11 plea." THE COURT: "[A]nd if I . . . impose an additional year of supervised release, the deal's off?" COUNSEL: "He would be permitted to withdraw his plea . . . ." (Pause to confer.) THE COURT: "I am imposing one year of supervised release on each count.").

Even Appellant was deterred from speaking in such a hostile environment— even in his last moments before sentencing. *See* OB at 5, n.7 (after defense counsel states that Appellant served the United States for 12 years out of patriotism, District Court replies: "That's going to be a hard sell;" after Appellant volunteers to read his statement, Court asks: "Did he write it?" and, after learning that counsel helped in the drafting, Judge responds: "That's what I thought;" after counsel advises that Appellant has decided he will not make any statement, Court replies: "I'm not surprised.") (quoting ER 31-54, 55-56).

Thus, despite saying nothing at the change-of-plea hearing about later denying Appellant credit for time served and concurrent sentencing on both cases,[3] the District Court—at the subsequent sentencing hearing—suddenly assumed an adversarial (if not threatening) posture:

> DEFENSE COUNSEL: [Y]our Honor . . . . [W]ould you please state on the record that he gets credit for time served on both cases from February 14th, 2024 as was agreed in the agreement . . . .
>
> THE COURT: Let's save your—no. This will be determined by the Bureau of Prisons [BOP]. I do not get involved in that. Okay.
>
> DEFENSE COUNSEL: But it's . . . part of the—
>
> THE COURT: I don't care about what kind of an understanding you have . . . . Calculation or computation of credits is up to the [BOP] . . .
>
> DEFENSE COUNSEL: Your Honor, . . . that's part of the conditional plea.
>
> THE COURT: I'm not saying I reject the plea. I'm saying I'm not getting involved in the computation of his credits.
>
> DEFENSE COUNSEL: *I'm not asking you to compute it*. I'm asking you to state for the record . . . that *he gets concurrent time on both cases beginning on February 14th, 2024 as that is part of the binding plea agreement that the Court accepted*.
>
> THE COURT: Is it necessary for me to repeat myself . . . ?

OB at 5-6 (quoting ER 68-70) (emphases added).

---

[3]     *See, e.g.*, ECF No. 36.1 (Reply, Mar. 12, 2026) at 7-8 (quoting ER at 107-08) (COUNSEL: "The agreement notes that he gets credit for time served on both cases [*viz.*, charged under 18 U.S.C. § 1519 and 28 U.S.C. § 7201] from the date of his [February 2024] arrest . . . . And we believe that [BOP] would acknowledge and honor that . . . ." THE COURT: Absolutely. . . . They are going to care of that.") (from Change of Plea Hearing, Dec. 16, 2024).

DEFENSE COUNSEL: [I] would ask the Court to state on the record that . . . the Defendant is entitled to credit in both . . . for the period of his pretrial detention since the day of his arrest—

THE COURT: [I] am not going to calculate anything, and I'm not going to certify that he has been in custody for any particular period of time beginning on any particular date . . . .

DEFENSE COUNSEL: [A]t least say, your Honor, that he's entitled to credit on both cases?

THE COURT: He is entitled to credits . . . [a]s determined by the [BOP].

DEFENSE COUNSEL: On both cases, since the day he was arrested?

THE COURT: On any case.

OB at 7 (quoting ER at 73-74).

It was at that point—that is, after the Court had denied repeated requests to recommend the credits, and after defense counsel had grown concerned about the Court's increasingly unhelpful tone—that alternative relief in the form of U.S.S.G. § 5G1.3 became applicable. Specifically, the parties had included Section 5G1.3's "back-up relief" in the plea agreement: "[D]efendant is entitled to credit in both [cases] for the period of his pretrial detention since the day of his arrest and that credits that the [BOP] may allow under 18 U.S.C. § 3585(b) may be credited against this stipulated sentence, *including credit under Sentencing Guideline § 5G1.3*." OB at 4 (quoting ER 137, ¶19) (emphases added). Appellant, therefore, was denied a

7

reduction necessary to effectuate his contractual right to concurrent credit for time served in both cases, dating back to his arrest.[4]

Critically, the parties' contractual language manifested their intent that Section 5G1.3 be subsumed within Section 3585(b), and *not* divorced from the contract as a whole. *See, e.g., United States v. Clark*, 218 F.3d 1092, 1096 (9th Cir. 2000) ("Following traditional rules of contract interpretation, we must examine the plain language of the term in the context of the [plea agreement] as a whole.") (citing Herman, *Plea Bargaining*, § 10:04, at 190). And that reading makes plain that Section 5G1.3(b) was included to ensure that Appellant—like the federal defendant already serving a state sentence—receives full, concurrent sentencing credit *from* the federal sentencing judge. *See, e.g.*, *United States v. Linder*, 322 F. App'x 547, 549 (9th Cir. 2009) ("The district court erred in failing to apply § 5G1.3(b)(1) . . . to credit Linder for time served after the imposition of the [state] sentence. Although

---

[4] That Appellant did not specifically object based on Section 5G1.3 does not defeat relief; even under plain error review, the District Court's refusal to grant the bargained-for relief: 1) was error, 2) that was "plain," 3) that affected Appellant's "substantial rights," and 4) that "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Kabir*, 51 F.4th 820, 828 (9th Cir. 2022) (cleaned up; internal quotations omitted). Given the circumstances of the sentencing hearing—where the District Court precluded defense counsel from even making the Section 5G1.3(b) objection—the failure to lodge that objection should be excused, particularly given that guideline's complexity. *See*, *e.g.*, *United States v. Kimble*, 107 F.3d 712, 714 (9th Cir. 1997) (where "resolution . . . turns on whether § 5G1.3(b) applies when the 'undischarged term of imprisonment' results from multiple offenses, only some of which were taken into account," Court notes that "[t]he text of § 5G1.3(b) does not expressly address the multiple-offenses problem" and that "Application note 2 is of no help either.").

'[c]redit for time served is indeed a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b),' the '[a]pplication of *section 5G1.3(b) is a matter for the court, not the Bureau, to decide*.") (emphases added) (quoting *United States v. Drake*, 49 F.3d 1438, 1440 (9th Cir. 1995)); *see also Linder*, 322 F. App'x at 549 (vacating sentence and remanding); *United States v. Heddings*, No. CR 06-76-GF-DWM, 2013 WL 4432126, at *6 (D. Mont. Aug. 15, 2013) (under Section 5G1.3(b), sentencing court must determine length of federal sentence, then reduce it by the number of months necessary to ensure that defendant's federal sentence is concurrent).

This Court's precedent underscores the correctness of this interpretation and shows that Section 5G1.3's purpose, particularly under this agreement, was to serve as "backup" protection to guarantee credit for Appellant's full time in pretrial detention. *See, e.g., Schleining v. Thomas*, 642 F.3d 1242, 1245 n.2 (9th Cir. 2011) ("18 U.S.C. § 3585(b) allows the BOP to grant a federal prisoner credit for time spent in state or federal custody before imposition of his federal sentence, but only if that term of pre-sentence imprisonment 'has not been credited against another sentence.' § 3585(b) . . . . [T]his might arise in the context of *pre-trial detention where a bail motion has been denied*.") (emphases added); *see also id*. at 1247 n.6 (under Section 3585(b), "BOP *must* give a defendant 'credit toward the service of a term of imprisonment' for certain time 'spent in official detention prior to the date

9

the sentence commences[.]'") (emphasis added); *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008) (Section 3585(b) "credit[s] the time spent by a defendant in pre-trial detention . . . against the term of imprisonment imposed by the court upon conviction.") (citing *Spina v. Dep't of Homeland Sec.*, 470 F.3d 116, 127 (2d Cir. 2006)).

## III.    CONCLUSION

For the foregoing reasons, Appellant requests that this Court vacate the Amended Judgment and remand this case to the district court, with instructions that Appellant be permitted to withdraw his guilty pleas.

DATED this 13th day of August, 2026.

Respectfully Submitted:

CHESNOFF & SCHONFELD

 /s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Appellant
ALEXANDER SMIRNOV

10

## STATEMENT OF RELATED CASES

Appellant has filed two previous appeals, docketed in this Court as Ninth Circuit Case Nos. 24-1133 and 24-4040.

Additionally, Appellant previously filed in this Court an Emergency Petition for Writ of Mandamus under Circuit Rule 27-3. *See* Ninth Circuit Case No. 24-970.

Appellant is not aware of any other related case pending in this Court.

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), I hereby certify that the foregoing brief uses 14-point Times New Roman proportionately spaced type; text is double-spaced and footnotes are single-spaced; a word count of the word processing system used to prepare the brief indicates that the brief (not including the table of contents, the table of authorities, the statement of related cases, the certificate of compliance, or the certificate of service) contains approximately 2,746 words.

Dated this 13th day of August, 2026.

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.

12

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 13th day of August, 2026, I caused the foregoing document to be filed electronically with the Clerk of the Court through the CM/ECF system and served on counsel of record through the Court's CM/ECF system, including:

Alexander P. Robbins, Esq.
Deputy Chief Assistant United States Attorney
Criminal Appeal Section
312 North Spring Street, Suite 1000
Los Angeles, California 90012

<u>/s/ Camie Linnell</u>
Employee of Chesnoff & Schonfeld