Nos. 25-400, 25-408

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

ALEXANDER SMIRNOV,
*Defendant-Appellant.*

*APPEAL FROM THE UNITED STATES DISTRICT COURT*
*FOR THE CENTRAL DISTRICT OF CALIFORNIA*
*DISTRICT COURT NOS. 24-CR-91-ODW,*
*24-CR-702-ODW*

## GOVERNMENT'S SUPPLEMENTAL BRIEF

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

JENNIFER L. WAIER
Chief Assistant United States
Attorney
Chief, Criminal Division

ALEXANDER P. ROBBINS
Assistant United States Attorney
Deputy Chief, Criminal Appeals
Section

1000 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012
(213) 894-2400
Alexander.P.Robbins@usdoj.gov

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

# TABLE OF CONTENTS

**DESCRIPTION**                                                      **PAGE**

I.     INTRODUCTION ............................................................................5

II.    QUESTIONS PRESENTED AND SHORT ANSWERS ..................2

III.   ARGUMENT .................................................................................4

      A.     This Court Has Jurisdiction to Hear Defendant's
            Appeal of His Convictions ......................................................4

      B.     Under the Plea Agreement, § 5G1.3 Credit Was an
            Alternative .............................................................................9

IV.   CONCLUSION ............................................................................11

# TABLE OF AUTHORITIES

**DESCRIPTION**                        **PAGE**

**Cases**

*Abney v. United States,*
431 U.S. 651 (1977)..................................................................................4

*Flanagan v. United States,*
465 U.S. 259 (1984)..................................................................................4

*Midland Asphalt Corp. v. United States,*
489 U.S. 794 (1989)..................................................................................4

*United States v. Alvarez-Moreno,*
657 F.3d 896 (9th Cir. 2011).....................................................................4

*United States v. Arishi,*
54 F.3d 596 (9th Cir. 1995).......................................................................5

*United States v. Ceballos,*
671 F.3d 852 (9th Cir. 2011).............................................................2, 6, 7, 8

*United States v. De La Pena-Juarez,*
214 F.3d 594 (5th Cir. 2000).....................................................................6

*United States v. Hollywood Motor Car Co.,*
458 U.S. 263 (1982)..................................................................................5

*United States v. Kerr,*
472 F.3d 517 (8th Cir. 2006)..................................................................6, 7

*United States v. Layton,*
645 F.2d 681 (9th Cir. 1981).....................................................................5

*United States v. Lonich,*
23 F.4th 881 (9th Cir. 2022).....................................................................6

*United States v. Lucas,*
101 F.4th 1158 (9th Cir. 2024)..................................................................7

## TABLE OF AUTHORITIES (continued)

**DESCRIPTION** **PAGE**

*United States v. MacDonald,*
   435 U.S. 850 (1978).................................................................5

*United States v. Mejia,*
   2023 WL 5549021 (9th Cir. 2023) ........................................5

*United States v. Melendez,*
   279 F.3d 16 (1st Cir. 2002) ....................................................6

*United States v. Pineyro,*
   112 F.3d 43 (2d Cir. 1997) .................................................6, 7

*United States v. Plouffe,*
   445 F.3d 1126 (9th Cir. 2006)................................................8

*United States v. Puig Valdes,*
   138 F.4th 1231 (9th Cir. 2025) ..............................................2

*United States v. Serafini,*
   233 F.3d 758 (3d Cir. 2000) ...................................................6

*United States v. Taylor,*
   881 F.2d 840 (9th Cir. 1989)...................................................5

*United States v. Yousef,*
   327 F.3d 56 (2d Cir. 2003) .....................................................6

**Statutes**

18 U.S.C. § 1519 ......................................................................2

18 U.S.C. § 3585(b).................................................................9

18 U.S.C. § 3742 ..................................................................5, 8

26 U.S.C. § 7201 ......................................................................2

28 U.S.C. § 1291 ......................................................................4

## TABLE OF AUTHORITIES (continued)

**DESCRIPTION** **PAGE**

**Rules**

Fed. R. App. P. 52 ................................................................................5

Fed. R. Crim. P. 11(c)(5) .....................................................................2

**United States Sentencing Guidelines**

U.S.S.G. § 5G1.3 ......................................................................... passim

iv

Nos. 25-400, 25-408

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

ALEXANDER SMIRNOV,
*Defendant-Appellant.*

*APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
DISTRICT COURT NOS. 24-CR-91-ODW,
24-CR-702-ODW*

## GOVERNMENT'S SUPPLEMENTAL BRIEF

## I

## INTRODUCTION

Defendant Alexander Smirnov pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement. The district court was not required to accept that agreement, but it indicated that it would. *See United States v. Puig Valdes*, 138 F.4th 1231, 1240 (9th Cir. 2025). As a result, at

sentencing, the district court was required to either give defendant the benefit of all of the agreement's terms *or* allow defendant to withdraw his guilty pleas. *Id.*; Fed. R. Crim. P. 11(c)(5). The court here did neither. The district court's judgment of conviction resulting from defendant's guilty pleas should therefore be vacated, and the case should be remanded so that the district court can give defendant the opportunity to withdraw his guilty pleas to the counts of conviction. (ER-124–126 (18 U.S.C. § 1519 and 26 U.S.C. § 7201).)

## II

## QUESTIONS PRESENTED AND SHORT ANSWERS

This Court has ordered supplemental briefing on the following two questions:

**A.** Does *United States v. Ceballos*, 671 F.3d 852, 855–56 (9th Cir. 2011) (per curiam), preclude this court from exercising jurisdiction over these appeals?

**Answer:** No, because defendant is appealing his convictions based on his guilty pleas entered in violation of Rule 11, *not* a non-binding aspect of his sentence (as in *Ceballos* and related cases from other circuits).

2

**B.** Do the parties contend, as the government suggests on pages 15–16 of its answering brief, that U.S. Sentencing Guidelines ("U.S.S.G.") § 5G1.3 required the district court to make "an actual 'adjustment' of 'the sentence' on the front end for the roughly 11 months that [Smirnov] had spent in pretrial detention"? In particular, did "another offense that is relevant conduct to the instant offense[s] of conviction" carry "a term of imprisonment," and was there a basis for the district court to "determine[] that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons"? U.S.S.G. § 5G1.3(b), (b)(1).

**Answer:** Not necessarily. The plea agreement contemplates "front end" § 5G1.3 credit as an alternative: under the agreement, the district court was required to *either* recommend time-served credit *or* reduce the sentence under § 5G1.3. Defendant was entitled to one or the other, but he did not receive either.

3

III

<strong>ARGUMENT</strong>

**A.  This Court Has Jurisdiction to Hear Defendant's Appeal of His Convictions**

This Court has jurisdiction over defendant's appeal under 28 U.S.C. § 1291, which gives the courts of appeals jurisdiction over "final decisions of the district courts."  An appeal is a statutory right: "there is no constitutional right to an appeal," and for a century "no appeal as of right existed in criminal cases."  *Abney v. United States*, 431 U.S. 651, 656 (1977).

"Final decisions" under 28 U.S.C. § 1291 generally means "final judgments," and therefore "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (cleaned up); *see also United States v. Alvarez-Moreno*, 657 F.3d 896, 898-99 (9th Cir. 2011).  "In a criminal case," the "final judgment" rule "prohibits appellate review until conviction and imposition of sentence." *Flanagan*, 465 U.S. at 263; *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989).  That means many (indeed, most) district court decisions are not themselves appealable: orders involving grand-jury

4

errors, *see Midland Asphalt*, 489 U.S. at 800; prosecutorial vindictiveness, *see United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 270 (1982) (per curiam); prosecutorial misconduct, *see United States v. Taylor*, 881 F.2d 840, 842 (9th Cir. 1989); and assumption of jurisdiction by the district court, *see United States v. Layton*, 645 F.2d 681, 683 (9th Cir. 1981). They become appealable only when there is a final judgment, and only successfully appealable if they contributed to one or more of the convictions. *See also* Fed. R. App. P. 52.[1] Thus, for example, a party cannot appeal a continuance (or delay more generally), even in a criminal case, *see United States v. MacDonald*, 435 U.S. 850, 861 (1978); the remedy is not appeal but mandamus, *see, e.g.*, *United States v. Mejia*, 2023 WL 5549021, *3 n.3 (9th Cir. 2023).

In *Ceballos*, this Court held—agreeing with the government's jurisdictional argument, *see* Gov't Answering Brief, 2010 WL 5585620,

---

[1] Sentences are separately appealable under 18 U.S.C. § 3742. *See United States v. Arishi*, 54 F.3d 596, 599 (9th Cir. 1995). Defendant is not appealing his custodial sentence, but instead his convictions based on guilty pleas that he did not have the opportunity to withdraw after the court rejected the binding plea agreement it had previously purported to accept. (*See, e.g.*, AOB 13 ("Conclusion"); *see also* ER-218–19 (challenging the district court's refusal to "sentence" defendant "as specified in paragraph 19" of the plea agreement).)

*16, and in accord with "[e]very other circuit that has confronted this issue"—that "a recommendation to the Bureau of Prisons is not part of a sentence and cannot be appealed." 671 F.3d at 855. *Ceballos* involved a location designation, *id.*, though it relied substantially on a Second Circuit case involving time credits, *see United States v. Pineyro,* 112 F.3d 43 (2d Cir. 1997) (per curiam). *See also United States v. Kerr*, 472 F.3d 517, 520 (8th Cir. 2006) (sex-offender treatment); *United States v. Yousef*, 327 F.3d 56, 165 (2d Cir. 2003) (special conditions of confinement); *United States v. Melendez*, 279 F.3d 16, 18 (1st Cir. 2002) (drug-treatment program); *United States v. Serafini*, 233 F.3d 758, 778 (3d Cir. 2000) (location of confinement); *United States v. De La Pena-Juarez*, 214 F.3d 594, 601 (5th Cir. 2000) (recommended garnishment of prison wages).

All of this makes sense. A non-binding recommendation is not a "final order" of a district court "from which an appeal lies," any more than a continuance is. *Ceballos*, 671 F.3d at 855. But a continuance is appealable when it leads to a conviction, *United States v. Lonich*, 23 F.4th 881, 894 (9th Cir. 2022), *overruled on other grounds by United*

*States v. Lucas*, 101 F.4th 1158 (9th Cir. 2024), as is a non-binding recommendation.

Here, defendant is not challenging a non-binding recommendation (or the lack thereof); he is challenging the fact that the court did not adhere to the binding plea agreement that it purported to accept, when it declined to honor paragraph 19 by either recommending a time-credit sentence or by making its own adjustment under the Guidelines. (ER-218–19.) If the parties in *Ceballos* (or *Pineyro*, *Kerr*, or any of the other cases noted above) had entered into a binding plea agreement obligating the district court to recommend something—imprisonment in Southern California or time credits or sex-offender treatment—and the district court had decided to *reject the agreement*, then the defendants in those cases would have had the right to withdraw their guilty pleas. Their appeals would not be of the *recommendation* itself (or lack thereof) but of their *convictions* based on their invalid guilty pleas. Defendants have a right under § 1291 to appeal their convictions.

An historical analogy drives the point home. "Before *Booker* was decided," this Court held that it did "not have jurisdiction to review a challenge to a sentence if the sentence was within the Sentencing

7

Guidelines range." *United States v. Plouffe*, 445 F.3d 1126, 1127 (9th Cir. 2006). So pre-2005, under the binding Guidelines and limited jurisdiction of 18 U.S.C. § 3742(a)(1), a defendant could not appeal his within-Guidelines sentence. But that does not mean (even then) that he would have been unable to appeal his *conviction* if the district court had rejected the parties' agreed-upon sentence and imposed a different sentence of a different length also within the Guidelines. That's the whole point of Rule 11(c)(1)(C). The district court is not required to impose the agreed-upon sentence—and, in this pre-*Booker* hypothetical, the district court's different sentence within the Guidelines range would not itself be appealable—but the defendant would still be entitled to withdraw his guilty plea under Rule 11(c)(5). Even if the difference were a small one (say, 48 months versus 49 months), it is defendant's choice whether to withdraw his guilty plea if the district court departs from the agreement. (GAB 21–22.) And when that choice is not honored, a defendant has the right to appeal.

Defendant accordingly has the right under § 1291 to appeal his convictions, which were based on pleas of guilty that he should have been given the opportunity to withdraw. *Ceballos* is inapplicable,

8

because defendant is not appealing a non-binding recommendation (or the lack thereof).

## B. Under the Plea Agreement, § 5G1.3 Credit Was an Alternative

As recounted in the government's Answering Brief (GAB 6), the plea agreement provided as follows (ER-137 (verbatim)):

> The parties also agree that the defendant is entitled to credit in both Cr. Nos. 24-91 and 24-702 for the period of his pretrial detention since the day of his arrest and that credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

The word "including" is significant: a front-end credit under § 5G1.3 was one way for defendant to get his agreed-upon time-served credits. At the plea hearing, defense counsel appeared to understand a recommendation to BOP as an equally acceptable alternative: "The agreement notes that he gets credit for time served on both cases from the date of his arrest, your Honor. And we believe that the Bureau of Prisons would acknowledge and honor that, your Honor." (ER-107–108.) That's when the district court told defendant it "would be take[n] care of." (*Id.*; *see also* GAB 6.)

That is why the government argued in its Answering Brief that the agreement required either a "recommendation from the court" or an

9

"actual adjustment of the sentence on the front end for the roughly 11 months that defendant had spent in pretrial detention." (GAB 15–16 (cleaned up).) They were alternatives, in that the court could have made an actual adjustment of the sentence on the front end under § 5G1.3, pursuant to the terms of the plea agreement, to the extent there was reason to believe that the Bureau of Prisons would not have credited defendant for the time he previously served. (*But cf.* ER-107–108 (defense counsel pointing out that the Bureau of Prisons would "acknowledge and honor" the credits for time defendant served).) Ultimately, defendant got neither alternative that he bargained for in the plea agreement, which is why under Rule 11 he has the right to withdraw his guilty pleas.

# IV

# CONCLUSION

This Court should vacate defendant's convictions and remand with instructions to allow defendant to withdraw his guilty pleas.

DATED: August 13, 2026   Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

JENNIFER L. WAIER
Chief Assistant United States
Attorney
Chief, Criminal Division

*s/ Alexander P. Robbins*

ALEXANDER P. ROBBINS
Assistant United States Attorney
Deputy Chief, Criminal Appeals
Section

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

11

## STATEMENT OF RELATED CASES

The government states, under Ninth Circuit Rule 28-2.6, that it is unaware of any case related to this appeal that is not identified in the appellant's briefs.

## CERTIFICATE OF COMPLIANCE

I certify that:

1.     This brief complies with the length limits permitted by the Court's 2,800-word limit in its order of July 31, 2026, because the brief contains 1,772 words, including zero words manually counted in images and excluding the portions exempted by Fed. R. App. P. 32(f).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016.

DATED: August 13, 2026                    *s/ Alexander P. Robbins*

                                          ALEXANDER P. ROBBINS
                                          Attorney for Plaintiff-Appellee
                                          UNITED STATES OF AMERICA