Case: 25-400, 10/05/2026, DktEntry: 52.1, (1 of 19)

NOS. 25-400 & 25-408

DISTRICT COURT NOS. 2:24-CR-91-ODW & 2:24-CR-702-ODW

---

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ALEXANDER SMIRNOV,

Appellant,

vs.

UNITED STATES OF AMERICA,

Appellee.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

---

# APPELLANT ALEXANDER SMIRNOV'S PETITION FOR REHEARING AND REHEARING *EN BANC*

DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Appellant
ALEXANDER SMIRNOV

Case: 25-400, 10/05/2026, DktEntry: 52.1, (2 of 19)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... iii

A. FRAP 40(b)(2) STATEMENT RESPECTING PETITION FOR REHEARING AND REHEARING *EN BANC* .......... 1

B. INTRODUCTION AND QUESTION PRESENTED .......... 1

C. FACTUAL AND PROCEDURAL BACKGROUND .......... 3

D. ARGUMENT: REHEARING IS WARRANTED BECAUSE THE PANEL'S AFFIRMANCE CONFLICTS WITH THIS COURT'S PRECEDENT AND THUS CREATES A DIVERGENCE OF EXCEPTIONAL IMPORTANCE .......... 5

E. CONCLUSION .......... 10

CERTIFICATE OF COMPLIANCE .......... 11

CERTIFICATE OF SERVICE .......... 12

Case: 25-400, 10/05/2026, DktEntry: 52.1, (3 of 19)

## TABLE OF AUTHORITIES

### CASES

*Puckett v. United States*, 556 U.S. 129 (2009) .......... 9

*Renal Treatment Centers W. Inc. v. Allegiant Healthcare W. LLC*, No. CV-20-01437-PHX-GMS (D. Ariz. Sept. 17, 2021) .......... 7

*Syscan, Inc. v. Plustek, Inc.*, No. C 07-01603 JW, 2009 WL 2044685 (N.D. Cal. July 9, 2009) .......... 7

*United States v. Camarillo–Tello*, 236 F.3d 1024 (9th Cir. 2001) .......... 9

*United States v. Ceballos*, 671 F.3d 852 (9th Cir. 2011) .......... 6

*United States v. Cervantes-Valencia*, 322 F.3d 1060 (9th Cir. 2003) .......... 1, 5, 8

*United States v. Heredia*, 768 F.3d 1220 (9th Cir. 2014) .......... 8

*United States v. Reyes*, 313 F.3d 1152 (9th Cir. 2002) .......... 1, 6

*United States v. Wilson*, 503 U.S. 329 (1992) .......... 5

### STATUTES AND GUIDELINES

Fed. R. Crim. P. 11(c)(1)(C) .......... passim

18 U.S.C. § 1001 .......... 4

18 U.S.C. § 1519 .......... 4

26 U.S.C. § 7201 .......... 4

26 U.S.C. § 7206 .......... 4

U.S.S.G. § 5G1.3(b)(1) .......... 6

Case: 25-400, 10/05/2026, DktEntry: 52.1, (4 of 19)

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. FRAP 40(b)(2) STATEMENT RESPECTING PETITION FOR REHEARING AND REHEARING *EN BANC*

Pursuant to FRAP 40(b)(2), Appellant asserts that the panel's decision of September 22, 2026[1] conflicts with this Court's decisions in *United States v. Reyes*, 313 F.3d 1152 (9th Cir. 2002), and *United States v. Cervantes-Valencia*, 322 F.3d 1060 (9th Cir. 2003), concerning the binding and indivisible nature of an accepted Rule 11(c)(1)(C) plea agreement. Consideration *en banc* is therefore necessary to secure and maintain uniformity of this Court's decisions. The proceeding also presents a question of exceptional importance concerning the remedy when a district court accepts a binding Rule 11(c)(1)(C) agreement containing a material provision that the court later concludes it lacks authority to perform.[2]

### B. INTRODUCTION AND QUESTION PRESENTED

In December 2024—several weeks before President Trump's inauguration on January 20, 2025—United States District Judge Wright unconditionally accepted Appellant's Rule 11(c)(1)(C) agreement with the Special Counsel then representing the government.

---

1 *See* ECF No. 51.1 (attached as Exhibit 1).

2 Counsel for the government represents that the government does not oppose either panel rehearing or *en banc* review.

Case: 25-400, 10/05/2026, DktEntry: 52.1, (5 of 19)

That binding agreement stated: "The parties . . . agree that the defendant is entitled to credit in both Cr. Nos. 24-91 and 24-702 for the period of his pretrial detention since the day of his arrest . . ." in early February 2024. *See* ER 137, ¶19 (plea agreement under Rule 11(c)(1)(C)).[3]

At sentencing on January 8, 2025, however, Judge Wright—who had, in accepting the binding agreement at the prior change-of-plea hearing, told Appellant that he would "absolutely" receive his bargained-for credit for time served—suddenly reversed course and asserted that only the Bureau of Prisons ("BOP"), as the arm of the Attorney General, could make the initial calculations of such credit. *Compare* AB 6 (quoting ER 107-08) (at the December 2024 plea hearing, district court enthusiastically assured defense counsel that Appellant will "absolutely" receive credit for time served: "Absolutely. That's—yeah. They are going to take care of that. Okay."), *with* Rep. 6-7 (at January 2025 sentencing, district court refuses to order time-served credits).

---

3 "ER" refers to the Excerpts of Record filed with Appellant's opening brief ("OB"). *See* OB (ECF No. 11, Apr. 25, 2025) and attached ER (ECF No. 11.1). "Rep." refers to Mr. Smirnov's reply (ECF No. 36.1, Mar. 12, 2026) and "Def.-Supp." refers to Mr. Smirnov's supplemental brief (ECF No. 43.1, Aug. 13, 2026). Finally, "GSD" refers to the government's motion for summary disposition (ECF No. 18.1, May 5, 2025), "AB" refers to the government's answering brief (ECF No. 34.1, Mar. 4, 2026), and "G-Supp." refers to the government's supplemental brief (ECF No. 45.1, Aug. 13, 2026).

Moreover—and of critical importance to the present petition for rehearing—the district court compounded its refusal to order time-served credits at the sentencing hearing by further refusing to afford Appellant a reasonable opportunity to 1) withdraw his guilty pleas from the now-breached plea agreement, and 2) proceed to his constitutionally guaranteed jury trial.[4]

For purposes of rehearing, therefore, the issue is whether the panel's affirmance of the district court's rulings—first refusing to provide the benefit specified in the binding agreement, and then refusing to afford Appellant a reasonable opportunity to withdraw his guilty pleas—can be squared with this Court's precedent. As shown below, Appellant asserts that this cannot be—rehearing is thus exceptionally important to preserve the integrity of agreements under Rule 11(c)(1)(C).

## C. FACTUAL AND PROCEDURAL BACKGROUND

On December 12, 2024—shortly after the Special Counsel had obtained a second indictment against Appellant—the parties entered into a binding plea

---

[4] During sentencing, Appellant found the court's attitude so threatening that, after consulting with his attorney, he waived his right to address the court before sentencing. *See* OB 5, n.7 (after defense counsel states that Appellant served the United States for 12 years, district court replies: "That's going to be a hard sell"; after Appellant volunteers to read his personal statement, court asks: "Did he write it?" and, after counsel states that he helped in the drafting, court comments: "That's what I thought"; after counsel advises that his client has decided not to make any statement, court sneers: "I'm not surprised.") (quoting ER 31-54, 55-56).

agreement under Rule 11(c)(1)(C) and Appellant pleaded guilty pursuant to that agreement. DC Doc. Nos. 195 & 9 (ER 130-153).[5]

On January 8, 2025, the district court sentenced Appellant to 72 months' imprisonment, the maximum term allowed under the plea agreement. DC Doc. Nos. 216 & 37 (ER 3, 58).

On January 16, 2025, the district court entered the Amended Judgments. DC Doc. No. 223 & 42 (ER 3-8).

On January 21, 2025, Mr. Smirnov timely filed a Notice of Appeal. DC Doc. No. 225 & 46 (ER 218-21).

---

5 The parallel citations to the district court docket numbers are to Case Nos. 2:24-cr-00091 (false statements and creation of a false record, under 18 U.S.C. § 1001 and 18 U.S.C. § 1519 (ER 181-217)), and 2:24-cr-00702 (tax charges in violation of 26 U.S.C. § 7201 and 26 U.S.C. § 7206 (ER 154-180)).

Appellant respectfully submits that the timing of the Special Counsel's decision to obtain this second indictment is suspect. The Special Counsel secured that second indictment (charging tax offenses based on readily accessible tax returns dating back to 2020) on November 21, 2024, just *before* the jury trial on the first indictment was set to commence. Suddenly faced with a second indictment (charging a new set of tax offenses and requiring review of a substantial volume of new tax discovery), Appellant, who had been preparing for trial on the first case, reluctantly signed the Rule 11 agreement—after which the district court imposed an accelerated schedule to ensure that Appellant was sentenced *before* the inauguration on January 20, 2025. *See* DC Doc. Nos. 199 & 11 (Dec. 12, 2024) ("The Court ORDERS the preparation of an EXPEDITED Presentence Report. Sentencing set for 1/8/2025 10:30 AM.") (emphases original).

Case: 25-400, 10/05/2026, DktEntry: 52.1, (8 of 19)

Appellant respectfully submits that his prior appellate filings (*see supra* at 2, n.3) comprehensively describe the facts related to the issues presented in this petition for rehearing.

This petition is timely pursuant to FRAP 40(d)(1).

## D. ARGUMENT: REHEARING IS WARRANTED BECAUSE THE PANEL'S AFFIRMANCE CONFLICTS WITH THIS COURT'S PRECEDENT AND THUS CREATES A DIVERGENCE OF EXCEPTIONAL IMPORTANCE

Both Appellant and the government agree that the district court erred when it 1) refused to order that Appellant receive the time-served credits for which he bargained under the previously accepted Rule 11(c)(1)(C) agreement, and 2) denied him a reasonable opportunity to withdraw his prior guilty pleas. *See*, *e.g.*, *United States v. Cervantes-Valencia*, 322 F.3d 1060, 1062 (9th Cir. 2003) (because district court erroneously accepted Rule 11(c)(1)(C) plea agreement on a proscribed "piecemeal basis," remedy calls for defendant's guilty plea to be "withdrawn" and "the parties . . . [to] be returned to their pre-plea posture.").

Given the foregoing, the panel ruled: 1) that the BOP, not the district court, was empowered to calculate time-served credits, after a defendant has begun serving his sentence; and 2) that, setting to one side the fact that a district court was unable to "order" credits, any separate refusal to make a "recommendation" along these lines was insufficient to support appellate jurisdiction. *See* Ex. 1 at 2 (citing *United States v. Wilson*, 503 U.S. 329, 333–35 (1992) (noting that 18 U.S.C. § 3585(b) "does

not authorize a district court to compute the credit at sentencing and instead places responsibility solely on the Bureau of Prisons") and *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) ("[A] recommendation to the Bureau of Prisons is not part of a sentence and cannot be appealed.")).

Appellant respectfully suggests that this ruling should be reheard, as the two points set forth by the panel do not address the primary issue on appeal. Appellant challenges his jurisdiction-vesting *conviction* (as well as the prejudicial manner in which it was compelled) in this Court. *See* Ex. 1 at 2 (citing *United States v. Salemo*, 81 F.3d 1453, 1460 (9th Cir. 1996), for the proposition that a "clear breach of the plea agreement" may be reviewed). Stated conversely, Appellant—who was surely denied the benefit of his bargain under a Rule 11(c)(1)(C) agreement that bound both parties and the district court—does *not* challenge his sentence (or any "recommendation" made in connection with his sentence) on appeal. *See*, *e.g.*, *United States v. Reyes*, 313 F.3d 1152, 1157 (9th Cir. 2002) ("[T]he court's only option when entertaining a Rule 11(e)(1)(C) plea is to either accept or reject the agreement; the court cannot modify it.").[6]

Viewed in this light and according to the panel, Appellant's conviction rested on a Rule 11(c)(1)(C) agreement that was fatally tainted by mutual mistake: both

---

6 While challenging this issue, Appellant's petition does not challenge the panel's additional ruling that U.S.S.G. § 5G1.3(b)(1) is inapplicable. *See* Ex. 1 at 3.

Case: 25-400, 10/05/2026, DktEntry: 52.1, (10 of 19)

Appellant and the Special Counsel, in entering into the agreement, mistakenly believed that the district court could order that Appellant receive "credit in both [cases] . . . for the period of his pretrial detention since the day of his arrest." ER 137, ¶19. But instead of correcting the parties' mistake (for example, by announcing at the plea hearing that it could not satisfy the agreement's "time-served" provision and that it must reject the agreement in its entirety), the district court eagerly accepted the agreement, going so far as to (wrongly) reassure defense counsel that Appellant would "absolutely" receive credit at sentencing. *See supra* at 2 (at change-of-plea hearing, court does not rule that, due to BOP's exclusive authority to calculate credits, it must reject the binding agreement; rather, at sentencing, the court for the first time invoked this as the basis *not* to order credits) (citing ER 107-08, Rep. 6-7).

Jurisdiction must lie—and the remedy of withdrawal must be afforded—where a mutual mistake frustrates the parties' intent and prevents performance of the affected contract. *See, e.g.*, *Renal Treatment Centers W. Inc. v. Allegiant Healthcare W. LLC*, No. CV-20-01437-PHX-GMS, 2021 WL 4247929, at *3 (D. Ariz. Sept. 17, 2021) ("Mutual mistake of the parties to a written contract makes that contract voidable.") (quotation omitted) (unpublished); *Syscan, Inc. v. Plustek, Inc.*, No. C 07-01603 JW, 2009 WL 2044685, at *3 (N.D. Cal. July 9, 2009) ("A provision of a contract is an essential element for purposes of the mutual mistake doctrine if it

reflects a mutual mistake 'as to a basic fact which induced [the party seeking to void the contract] to enter into the [contract].'") (internal quotations omitted) (unpublished); *see also* 13 Williston, *A Treatise on the Law of Contracts* § 1543 (3d ed. 1970) ("[E]ven a compromise may be based on the assumed existence of some fact, and then may be set aside for mutual mistake as to such basic assumption like any other contract."). Few assumptions are more 'basic' than the parties' mistaken factual assumption regarding the district court's authority to order the agreed-upon time-served credit—or this Court's ability to exercise jurisdiction to review a *conviction* based on that mistake.

Not only did Appellant bargain under Rule 11(c)(1)(C) for a benefit that he never received, but the district court (followed by the panel) refused to provide him with the only effective remedy to cure that error: permitting him to withdraw his guilty pleas. *See*, *e.g.*, *Cervantes-Valencia*, 322 F.3d at 1062 (if district court erroneously accepts the Rule 11(c)(1)(C) plea agreement on a "piecemeal basis," defendant's guilty plea must be "withdrawn" and "the parties must be returned to their pre-plea posture"); *see also United States v. Heredia*, 768 F.3d 1220, 1230 (9th Cir. 2014) (because "[p]lea agreements are 'essentially contracts,'" principles of

Case: 25-400, 10/05/2026, DktEntry: 52.1, (12 of 19)

contract interpretation apply in the Rule 11(c)(1)(C) context) (quoting *Puckett v. United States*, 556 U.S. 129, 137 (2009)).[7]

Finally, plea withdrawal is particularly appropriate where, as here, both signatories to the agreement intended for Appellant to receive time-served credit. *See, e.g.*, *United States v. Camarillo–Tello*, 236 F.3d 1024, 1028 (9th Cir. 2001) (observing in analogous context that "when the sentencing court hears that *both sides* believe a certain sentence is appropriate and reasonable in the circumstances, this is more persuasive than only the defendant arguing for that sentence . . . . *Presenting this 'united front' is the defendant's benefit of the bargain.*") (emphases added). The bottom line is that Appellant believed in good faith that the district court would grant him time-served credit at sentencing. Although that belief turned out to be mistaken and the district court failed to reject the binding agreement for that reason, Appellant

---

[7] The record belies any belief that Appellant had a reasonable opportunity to withdraw his guilty pleas during the sentencing hearing. Given the hostile demeanor displayed by the district court during that hearing, Appellant must be permitted to withdraw his guilty pleas now. *See, e.g.*, *supra* at 3, n.4 (summarizing court's remarks at sentencing); Def.-Supp. at 5, n.2 (court threatens to impose two years of supervised release, where the binding agreement specified a maximum of one year); *see also United States v. Smirnov*, No. 2:24-CR-00091-ODW, 2025 WL 1248910, at *7-8 (C.D. Cal. Apr. 30, 2025) (in denying joint stipulation to release Appellant pending appeal, court ignores hostile atmosphere, claims that Appellant "has not raised a 'substantial,' 'fairly debatable,' or 'fairly doubtful' question," and wrongly believes that adherence to all court-accepted contents of a binding plea agreement "requires nothing of the Court"—ignoring that it was "required" to reject that agreement in its entirety, instead of misleading Appellant into thinking he would "absolutely" get what he had bargained for).

Case: 25-400, 10/05/2026, DktEntry: 52.1, (13 of 19)

should now be permitted to withdraw from the tainted agreement and proceed to trial. *Heredia*, 768 F.3d at 1230–31 ("In interpreting the agreement and crafting an appropriate remedy for any breach, our task is to 'secure the benefits promised [the defendant] by the government in exchange for surrendering his right to trial.'") (quoting *United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002)).

## E. CONCLUSION

For the reasons set forth in this petition and Appellant's prior pleadings, and based on the facts in the record, Appellant respectfully requests that this Court grant his petition for rehearing and rehearing *en banc* and, upon rehearing, remand this case with instructions that he be permitted to withdraw his guilty pleas.

Dated this 5th day of October, 2026.

Respectfully submitted by:

CHESNOFF & SCHONFELD

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Appellant
ALEXANDER SMIRNOV

Case: 25-400, 10/05/2026, DktEntry: 52.1, (14 of 19)

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

## Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** 25-400 & 25-408

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition for panel rehearing/petition for rehearing en banc/response to petition is *(select one)*:

◉ Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words:** 2,391 .
*(Petitions and responses must not exceed 4,200 words)*

**OR**

○ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** s/ David Z. Chesnoff **Date** 10/05/2026
*(use "s/[typed name]" to sign electronically-filed documents)*

Case: 25-400, 10/05/2026, DktEntry: 52.1, (15 of 19)

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October 2026, I caused the foregoing Petition for Rehearing and Rehearing *En Banc* to be filed electronically with the Clerk of the Court through the CM/ECF system and served on counsel of record through the Court's CM/ECF system, including:

ALEXANDER P. ROBBINS, ESQ.
Assistant United States Attorney
Deputy Chief, Criminal Appeals Section
1000 United States Courthouse
312 North Spring Street
Los Angeles, CA 90012
(213) 894-2400
Alexander.P.Robbins@usdoj.gov
Attorney for Plaintiff-Appellee
UNITED STATES OF AMERICA

Respectfully submitted:

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld

Case: 25-400, 10/05/2026, DktEntry: 52.1, (16 of 19)

# EXHIBIT 1

Case: 25-400, 10/05/2026, DktEntry: 52.1, (17 of 19)

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ALEXANDER SMIRNOV,<br><br>Defendant - Appellant. | No. 25-400<br><br>D.C. No.<br>2:24-cr-00091-ODW-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ALEXANDER SMIRNOV,<br><br>Defendant - Appellant. | No. 25-408<br><br>D.C. No.<br>2:24-cr-00702-ODW-1 |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted September 17, 2026**
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Case: 25-400, 10/05/2026, DktEntry: 52.1, (18 of 19)

Before: NGUYEN, R. NELSON, and DESAI, Circuit Judges.

Alexander Smirnov appeals from the district court's criminal judgments following his guilty pleas pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo whether the district court erred in interpreting the plea agreement's terms, and reviewing for clear error "whether the facts demonstrate that there was a breach of [the] plea agreement," *United States v. Salemo*, 81 F.3d 1453, 1460 (9th Cir. 1996), we dismiss in part and affirm in part.

1. Because computation of custody credit "must occur after the defendant begins his sentence," 18 U.S.C. § 3585(b) "does not authorize a district court to compute the credit at sentencing" and instead places responsibility solely on the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 333–35 (1992). To the extent the parties argue that the district court breached the plea agreement by refusing to make a nonbinding recommendation that Smirnov receive custody credit for the time he spent in pretrial detention, "a recommendation to the Bureau of Prisons is not part of a sentence and cannot be appealed." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam). Therefore, we lack jurisdiction over Smirnov's custody credit claim and dismiss that portion of the appeal.

2. To the extent the parties argue that the district court breached the plea agreement by failing to "adjust the sentence" under U.S. Sentencing Guidelines ("U.S.S.G.") section 5G1.3(b)(1), we disagree. Section 5G1.3(b) "address[es] the 'unfairness' that would result from receiving a second sentence for activities which were considered as relevant conduct in a prior proceeding." *United States v. Kimble*, 107 F.3d 712, 714–15 (9th Cir. 1997) (quoting *Witte v. United States*, 515 U.S. 389, 404 (1995)). At the time of sentencing, Smirnov had no criminal history and thus had not "already served" a period of imprisonment on an "undischarged term of imprisonment." U.S.S.G. § 5G1.3(b)(1). Because there was no basis for a sentencing adjustment, and because the plea agreement does not require one, we affirm the district court's non-application of section 5G1.3.

**DISMISSED in part and AFFIRMED in part.**